Chief Judge Desmond.
In 1956 appellant’s testator (her husband) died as the result of injuries which, asserts appellant, were caused when he was struck by two automobiles, one of ■which, she alleges, was uninsured. At the time of that alleged accident there was in effect a policy of automobile liability insurance issued by respondent as to an automobile owned by appellant and her husband. The policy contained an ‘ ‘ uninsured motorist ” endorsement in this language:
“ To pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death at any time resulting therefrom sustained by the insured, caused by accident while this endorsement is in effect, and arising out of the ownership, maintenance or use of such uninsured automobile; provided, that for the purposes of this endorsement, determination as to whether the insured shall be legally entitled to recover such damages, and if so entitled *313 the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement, by arbitration.
“In the event the insured and the company do not agree that the insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury to, or sickness, disease or death of the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the insured and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and the company each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this endorsement. ’ ’
Appellant as executrix sued the persons said by her to be the owners of the two automobiles which struck her husband, but one of them, said by her to have been uninsured, defaulted. Appellant then made claim against respondent on the endorsement above quoted but respondent disclaimed liability. Appellant then moved under section 1450 of the Civil Practice Act for an order compelling arbitration. Her moving affidavits (including a later affidavit submitted on motion for reargument) sufficiently alleges that one of the motorists (Keenan) was not insured. Respondent insurer denied any knowledge or information on the subject. Special Term first denied the motion, then on reargument made an order directing a jury trial “ of the preliminary issue of fact as to whether the plaintiff’s decedent was struck by an uninsured automobile ” and providing that, if the jury should find in the affirmative as to that dispute, the parties would proceed to arbitration. The Appellate Division reversed and denied the motion to compel arbitration, stating in a memorandum that ‘ ‘ such procedure is unauthorized under section 1450 of the Civil Practice Act. ’ ’
In our opinion Special Term was right in holding that where dispute appeared as to the preliminary issue of 11 insured or uninsured” a jury trial was the appropriate procedure for settling it. The policy endorsement did not cover all contro *314 versies between insured and insurer. It promised to pay for damage for which an uninsured driver should be liable but it made arbitrable two fact issues only: as to fault (“ legally entitled ”) and as to damages if fault should be established. No language in the endorsement can be read as an agreement to send to arbitrators a disagreement as to whether there was or was not liability insurance covering a car which should injure the insured. The arbitration clause was particular, not general. There comes into play, therefore, the familiar rule that “No one is under a duty to resort to arbitration unless by clear language he has so agreed ” (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132). An agreement to arbitrate will not be extended “‘by construction or implication ’ ’ ’ (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288, 289).
Since there is no agreement to arbitrate the primary or preliminary controversy as to whether the motorist was insured, we must look elsewhere for a method of deciding that question. The situation comes reasonably within that part of section 1450 of the Civil Practice Act which on a motion to compel arbitration authorizes a jury trial ‘ ‘ If evidentiary facts be set forth raising a substantial issue as to * * * the failure to comply ” with a contract to arbitrate. Where the covenant to arbitrate is made subject to conditions precedent, the existence of such conditions when disputed is an issue for the court (see Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 79, 80; Matter of Board of Educ. [Heckler Elec. Co.], 7 N Y 2d 476, 481, 482). Here a condition precedent for arbitration was injury by an uninsured motorist. Accordingly, we agree with and adopt the construction and application declared by the Third Department in Matter of Phoenix Assur. Co. of N. Y. (Digamus) (9 A D 2d 998).
The order appealed from should be reversed, without costs, and the Special Term order reinstated.