HARTFORD ACCIDENT AND INDEMNITY COMPANY *v.*
THE TRAVELERS INSURANCE COMPANY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 26819
AT WATERBURY

Memorandum filed December 17, 1964

*Upson & Secor,* of Waterbury, for the plaintiff.

*William B. Fitzgerald,* of Waterbury, for the named defendant.

*Morton S. Kramer,* of Waterbury, for defendant Joseph Poray-Wybranowski.

COTTER, J. The plaintiff seeks a declaratory judgment determining whether or not the plaintiff is under a duty or obligation, by virtue of an insurance policy issued by it to the defendant Joseph Poray-Wybranowski, to arbitrate a claim of that defendant.

The Hartford Accident and Indemnity Company issued a family automobile policy to Poray-Wybranowski which included protection against uninsured motorists. This policy contained an arbitration clause as follows: "6. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Section, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Section."

Poray-Wybranowski was in an accident with a car owned by Henry Jackson and driven at various times by John Jacintho and Cornelius J. Johnson. He has sued Jackson, Jacintho and Johnson in a separate suit for damages and injuries. It is claimed that Jackson gave permission to Jacintho and Johnson to operate his car. The Travelers Insurance Company issued a standard automobile liability insurance policy covering the operation of the Jackson vehicle but denies coverage as to Jacin-

tho and has refused to enter an appearance for him in that action. Poray-Wybranowski has asked the plaintiff in the present action to arbitrate his claim under the uninsured motorist provision of his policy, and the company has refused to do so.

Arbitration is in derogation of the common law, and parties are only required to arbitrate those issues which they specifically have agreed to arbitrate. A party may be compelled to arbitrate a dispute only if he has expressly agreed to use this type of forum for the determination of his legal rights and duties, and in the absence of a specific agreement to arbitrate he cannot be compelled to do so, but rather has the right to have his rights and obligations determined in a court of law.

Hartford Accident and Indemnity Company agreed with Poray-Wybranowski to arbitration of only two disputes, namely: (1) whether or not Poray-Wybranowski is legally entitled to recover damages from the owner or operator of the uninsured automobile; (2) the amount of payment which may be owing under the uninsured endorsement coverage. Hartford Accident and Indemnity Company does not concede that at the time of the accident Jacintho was not covered by the liability policy issued by The Travelers Insurance Company so that the motor vehicle was an uninsured motor vehicle within the meaning of the Hartford Accident and Indemnity Company policy. The defendant Poray-Wybranowski cannot have this question determined by arbitration, since the plaintiff does not agree to such procedure for the determination of this question. *Batter Building Materials Co.* v. *Kirschner*, 142 Conn. 1, 5; *International Union* v. *General Electric Co.*, 148 Conn. 693, 699.

Many cases have held that this arbitration clause is limited in scope to the questions of the other

driver's negligence and the amount of damages recoverable, so that the question whether or not the other vehicle was "uninsured within the meaning of the policy could not be the subject of arbitration." *Matter of Ross* v. *Hardware Mutual Casualty Co.,* 13 Misc. 2d 739 (N.Y.); *Application of American National Fire Ins. Co.,* 15 Misc. 2d 692 (N.Y.); *Application of Phoenix Assurance Co.,* 9 App. Div. 2d 998 (N.Y.); *Mitkewicz* v. *Travelers Ins. Co.,* 22 Misc. 2d 637 (N.Y.); *Application of Allstate Ins. Co.,* 26 Misc. 2d 859 (N.Y.); *McGuiness* v. *Motor Vehicle Accident Indemnification Corporation,* 32 Misc. 2d 949 (N.Y.); *Application of Travelers Indemnity Co.,* 227 N.Y.S.2d 282; *Matter of Rosenbaum (American Surety Co.),* 11 N.Y.2d 310; *Matter of Motor Vehicle Accident Indemnification Corporation (Linder),* 17 App. Div. 2d 610 (N.Y.); *American Universal Ins. Co.* v. *Ranson,* 59 Wash. 2d 811. The court agrees with the result reached in these cases. See note, "Rights and liabilities under 'uninsured motorists' coverage," 79 A.L.R.2d 1252. However, a contrary result has been reached, holding that the scope of the arbitration clause is not necessarily limited to the questions alone of negligence and that of damages and may extend to other questions concerning the eligibility of the insured to recover. *Re Zurich Ins. Co.,* 14 App. Div. 2d 669 (N.Y.), cited in 7 Am. Jur. 2d 465, n.16, Automobile Insurance, § 138.

The court finds that the plaintiff is not under a duty or obligation by virtue of the insurance policy issued by it to the defendant to arbitrate the defendant's claim.

The issues are found, and judgment may enter, for the plaintiff.