WESTERN CASUALTY & SURETY COMPANY *v.* STRANGE.

1. ARBITRATION AND AWARD—ARBITRABLE MATTERS UNDER INSURANCE POLICY.

An award of an arbitrator must conform to the matters contained in the agreement between the parties, and where the. arbitration is provided by a contract of insurance, the only arbitrable matters are those specified in the insurance contract.

2. INSURANCE — UNINSURED MOTORIST CLAUSE — DECLARATION OF RIGHTS.

Items to be determined in an action for a declaration of rights before insurer is liable to insured under an uninsured motorist clause in a policy of automobile insurance for injuries received in a collision are (1) that someone other than defendant was the proximate cause of the accident; (2) that such person other than defendant was operating an uninsured vehicle or was a hit-and-run motorist so determination of insurance coverage is not possible; and (3) the amount of defendant's recovery.

3. SAME—UNINSURED MOTORIST CLAUSE—DECLARATION OF RIGHTS— ARBITRATION PROVISION.

Holding of trial court in action for a declaration of rights under an uninsured motorist provision in a policy of insurance issued by plaintiff to the owner of a vehicle driven by defendant that (1) the determination that someone other than defendant was the proximate cause of the accident; (2) determination that such person was operating an uninsured vehicle or was a hit-and-run motorist so that determination of insurance coverage is not possible; and (3) determination of amount of defendant's recovery were proper objects of arbitration provided by the policy *held,* proper as to items 1 and 3, but that plaintiff was entitled to a judicial determination of item 2.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29A Am Jur, Insurance §1610 *et seq.*
[2] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.
[3, 4] 7 Am Jur 2d, Automobile Insurance § 138.
Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

4. Declaration of Rights—Uninsured Motorist Clause—Arbitration—Remand.

  Whether person who did injure defendant insured was operating an uninsured vehicle or was a hit-and-run motorist so that determination of insurance coverage is not possible, a matter that is determined not to be arbitrable under the arbitration clause of uninsured motorist clause of automobile insurance policy, *held*, determinable by trial court on remand on the facts presented in insurer's action for declaration of rights under policy.

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 1 June 2, 1966, at Detroit. (Docket No. 1,637.) Decided July 12, 1966.

Complaint by the Western Casualty & Surety Co., a foreign insurance corporation, against Terrance J. Strange for a declaration of rights under an insurance policy issued by plaintiff to the owner of a vehicle driven by defendant at the time of a collision. Summary judgment for defendant granted. Plaintiff appeals. Reversed and remanded.

*Sauer & Girard* (*Bernard Girard* and *Charles J. Porter*, of counsel), for plaintiff.

*Paul G. Valentino*, for defendant.

Quinn, J. Plaintiff appeals from a summary judgment in favor of defendant and contests the interpretation the trial court placed on the uninsured motorist provision of plaintiff's insurance policy issued to the owner of the vehicle driven by defendant at the time of the accident hereinafter discussed.

March 11, 1965, defendant was operating Warren T. Asbury's 1964 Chevy II on Telegraph Road, in Waterford township, Oakland county. It was struck by an automobile driven by Fenwick which had been

sideswiped by the vehicle of Sharp. The latter fled the scene of the accident. At this time, a policy of insurance issued by plaintiff to Asbury was in force, which contained the following:

"XI. Coverage K—Uninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile, provided for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and The Western or, if they fail to agree, by arbitration.

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and The Western, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of The Western. * * *

"(d) Hit-and-run automobile means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile"; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer, or to the commissioner of motor vehicles, and shall have filed with The Western within 30 days thereafter a statement

under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at The Western's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident."

Defendant was injured in the collision and filed demand for arbitration under the policy. Plaintiff then filed complaint under GCR 1963, 521 for declaration of rights, claiming that on the facts presented issues as to coverage and contract interpretation existed and that such issues were for court determination not arbitration.

Since the only arbitrable matters are those specified in the insurance contract (*Carr* v. *Kalamazoo Vegetable Parchment Co.* [1958], 354 Mich 327), we must look to the language of the policy for decision. As we read it, 3 things must be determined before plaintiff is liable to defendant, namely: (1) that someone other than defendant was the proximate cause of the accident; (2) that such person was operating an uninsured vehicle or was a hit-and-run motorist so determination of insurance coverage is not possible; (3) the amount of defendant's recovery.

Interpretation of this, or similar, language has not been presented to the Michigan Supreme Court. Under a similar arbitration provision, the court of appeals of New York held in *Rosenbaum* v. *American Surety Company of New York* (1962), 11 NY 2d 310 (229 NYS2d 375, 183 NE2d 667), that items (1) and (3) above were arbitrable but that item (2) was for court determination. This interpretation was adopted by the superior court of Connecticut in *Hartford Accident & Indemnity Co.* v. *Travel-*

*ers Insurance Co.* (1964), 25 Conn Sup 414 (206 A2d 847). It appeals to us as reasonable and proper, and we adopt it as controlling in the case before us.

Reversed and remanded for decision by the trial court of the question of insurance coverage on the facts presented.

J. H. GILLIS, P. J., and FITZGERALD, J.