(No. 41187.—

BERNARD FLOOD, Admr., Appellee, *vs.* COUNTRY MUTUAL INSURANCE COMPANY, Appellant.

*Opinion filed Sept. 24, 1968.—Modified on denial of rehearing Nov. 21, 1968.*

WHITNEY D. HARDY, of Mattoon, (JACK E. HORSLEY of counsel,) for appellant.

GLENN & LOGUE, of Mattoon, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal presents questions concerning the scope of an arbitration agreement contained in a standard automobile insurance policy. The policy in question provided:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured Vehicle because of bodily injury, including death resulting therefrom, hereinafter called "bodily injury", sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such Uninsured Vehicle; provided, for the purposes of this coverage, determination as to whether the Insured or such representative is legally entitled to recover such damages, and if so the amount thereof shall be made by agreement between the Insured or such representative and the Company or, if they fail to agree and the Insured or the Company so demands, by arbitration."

In the same section, it defined the terms "Insured" and "Uninsured Vehicle" and further provided under a subsection entitled "Arbitration" that:

"If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an Uninsured Vehicle because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Section, then, upon written demand of such person or upon written demand of the Company, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association * * *."

Pursuant to the provisions of this policy, plaintiff-insured, Bernard Flood, sought damages from the defendant-insurer for the death of his son, arising out of a collision with an alleged uninsured vehicle. The defendant disputed coverage, denying that the decedent was an insured under the policy or that he had collided with an uninsured vehicle, and plaintiff made demand for arbitration. The arbitrator ruled these issues were subject to arbitration, whereupon defendant filed its refusal to arbitrate and petitioned the circuit court of Coles County, pursuant to section 2(b) of

the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1967, chap. 10, par. 102(b)) to stay the arbitration proceedings pending the court's determination of the issue of coverage. The court denied the motion and ordered the parties to proceed to arbitration. Defendant filed an interlocutory appeal and the Appellate Court, Fourth District, affirmed, holding that the "coverage" issues were made arbitrable by the contract of insurance. (89 Ill. App. 2d 358.) We granted leave to appeal.

The Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1967, chap. 10, par. 101 *et seq.*) was enacted in 1961 and is substantially the Uniform Act promulgated by the National Conference of Commissioners on Uniform State Laws in 1955. The chief effect and benefit of this Act is that it grants legal enforceability to arbitration agreements to settle future, as well as existing disputes. (Ill. Rev. Stat. 1967, chap. 10, par. 101.) It empowers courts of general jurisdiction, upon application of a party, to compel or stay arbitration, or to stay court action pending arbitration. (Ill. Rev. Stat. 1967, chap. 10, par. 102.) It further empowers courts to vacate arbitrators' awards, setting forth grounds and procedures for such action. (Ill. Rev. Stat. 1967, chap. 10, par. 112.) The Act does not, however, control which issues are subject to arbitration; this is governed by the arbitration agreement between the parties.

The question arises, therefore, whether the agreement to arbitrate in the instant case includes the issues relating to coverage, as plaintiff maintains, or whether the agreement is limited to the issues of the liability of the uninsured motorist to the insured and the amount thereof. While we have not previously considered this question, we think it apparent from the language of the instant policy that the latter interpretation must prevail. The policy endorsement in question did not cover all disputes between insured and insurer. It promised to pay all sums which the insured was "legally entitled to recover as damages from the owner or

operator of an Uninsured Vehicle" and provided that the determination as to whether he was "legally entitled to recover *such* damages, and if so the amount thereof" was to be settled, upon demand, by arbitration. Similarly, the "Arbitration" paragraph of the policy was particular, not general, and referred only to disputes concerning liability between the person claiming under the policy and the "owner or operator of an Uninsured Vehicle". There is no language in either of these paragraphs, or the policy as a whole, which can be read as an agreement to submit to arbitration the issues of coverage. Despite the salutory purpose of our Arbitration Act, parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication. We hold, consistent with the vast majority of jurisdictions which have considered this question, that the arbitration agreement contained in the instant policy is limited to the issues of the liability of the uninsured motorist to the insured and the amount thereof. *Rosenbaum* v. *American Surety Co. of New York,* 11 N.Y. 2d 310, 183 N.E.2d 667; *Western Casualty & Surety Co.* v. *Strange,* 3 Mich. App. 733, 143 N.W.2d 572; *Hartford Accident and Indemnity Co.* v. *Travelers Ins. Co.,* 25 Conn. Sup. 414, 206 A.2d 87.

Accordingly, the judgment of the appellate court is reversed and the cause remanded to the circuit court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*