■   In the Matter of the Arbitration between STATE MUTUAL AUTOMO-BILE INSURANCE COMPANY, Appellant, and WILFRED MERCADO et al., Respondents.—Judgment, Supreme Court, New York County, entered October 13, 1978, dismissing the petition to stay arbitration and directing the parties to proceed to arbitration, is unanimously modified, on the law, to direct that the arbitration shall proceed under the rules and auspices of the American Arbitration Association, except that in the event and to the extent that said rules may be inconsistent with express provisions of the arbitration clause contained in petitioner's insurance policy, the provisions of the arbitration clause in the State Mutual insurance policy shall govern, and the judgment is otherwise affirmed, with costs against petitioner-appellant. The case involves a dispute as to the arbitration procedure to be followed on a claim under an uninsured motorist clause of a policy issued by petitioner appellant State Mutual Automobile Insurance Company to its named assured, one Theodore Colon. Respondents claimants Mercado and Gonzalez were passengers in Colon's car and claimed to have been hurt as a result of Colon's car being forced off the road by an unidentified automobile. State Mutual is not authorized to do business in this State and the arbitration clause in its policy is not the usual New York form. (Incidentally, both the uninsured motorist clause and arbitration clause in the State Mutual policy are different from the clauses which are quoted in claimants' demand for arbitration, and of course it is the clauses as they appear in the State Mutual policy that must govern.) State Mutual contends that as its arbitration clause contains no reference to the American Arbitration Association, it is not bound by the rules of that association and suggests that the rules of the association may be inconsistent with the arbitration clause in the State Mutual policy. State Mutual has not presented the court with a copy of the American Arbitration Association rules nor pointed out in what respect those rules may be inconsistent with State Mutual's arbitration clause. Further, State Mutual's arbitration clause provides that arbitration will take place in the county or State in which the covered person lives, here New York State. State Mutual's policy's arbitration clause further provides that "Local rules of law as to procedure and evidence will apply." We think, under this provision, the court has power to direct that the arbitration proceed under the rules of the American Arbitration Association as a convenient way of regulating the procedure in the arbitration as to such procedural details as are not explicitly covered either by statute or the arbitration agreement. However, to resolve any ambiguity on the subject, we modify the judgment to direct that in case of any conflict between the arbitration clause and the rules of the American Arbitration Association, the arbitration clause in the State Mutual policy shall govern. The arbitration clause in the State Mutual policy is a broad arbitration clause, unlike the standard New York arbitration clause which is limited. (See *Matter of Rosenbaum [American Sur. Co. of N. Y.],* 11 NY2d 310, 314.) Accordingly, the question of whether there was in fact a hit-and-run accident is one for the arbitrators to decide rather than a preliminary question for the court, as would be the case under the New York standard clause. State Mutual argues that Federal Insurance Co., which had issued a policy to claimant Gonzalez' wife, is a necessary party, apparently in order to obtain for State Mutual the benefit of the "other insurance" clause in State Mutual's policy. State Mutual has presented no evidence to indicate that the Federal policy would qualify as "other insurance" within the meaning of the State Mutual policy. Despite the simple statutory procedure for doing so (CPLR 2214, subd [c]), State Mutual has not caused to be furnished to the court a copy of the

Federal policy. However, under the terms of the State Mutual policy the existence of the Federal policy does not render the State Mutual policy "excess" insurance, as State Mutual's excess clause only applies as to insurance with respect to a vehicle not owned by the named insured, here Colon. Indeed, if the Federal excess clause is the same as the State Mutual, it would be the Federal policy that would be excess insurance and thus State Mutual would not benefit. State Mutual points to the provision of the "other insurance" clause that "If there is other applicable similar insurance we will pay only our share." As we have said, there is no showing that the Federal policy is such "other applicable similar insurance". But if it were, that fact could be argued to the arbitrators as a reason for reducing State Mutual's liability, without the necessity for joining Federal. Finally, we agree with Special Term that the case is not sufficiently extraordinary to require Special Term to permit State Mutual to take the depositions of claimants and Colon. Concur—Sullivan, J. P., Bloom, Lane, Markewich and Silverman, JJ.