OPINION OF THE COURT
Joseph D. Quinn, Jr., J.
In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim under the uninsured motorist provision of an automobile liability insurance policy, petitioner claims that a preliminary trial should be held to resolve the questions of (1) whether a valid agreement to arbitrate existed between the parties, and (2) whether the insurance on certain vehicles involved in an accident which underlies this dispute was effectively canceled. At issue is whether such threshold questions are to be decided by the court or by the arbitrator.
This dispute arises out of an automobile accident which occurred on November 4, 1978, on Route 9W, in the Town of Marlboro, Ulster County, New York, when respondent Robert Rakow, of Gloria Drive, Staatsburg, Dutchess County, New York, while driving a car owned by his sister, Ellen Rakow, who lives at the same address, became involved in a collision with another motor vehicle owned and operated by one David R. Hill, of Fallsburg, New York. It is said that the Hill vehicle skidded into respondent’s lane and that respondent sustained serious physical injuries and that he was hospitalized for over two months.
It is alleged that Ellen Rakow’s car, which respondent Robert Rakow was driving, was at one time insured by Transamerica Insurance Company (Transamerica), but that prior to the date of the accident, and on July 13, 1978, Transamerica effectively canceled its policy for nonpayment of premium, purportedly in compliance with the provisions of section 313 (subd 1, par [a]) of the Vehicle and Traffic Law. Similarly, it is claimed that the Hill vehicle was at some point insured by United States Fidelity and Guaranty Company (U S F & G), but that prior to the date of the accident, and on July 7, 1978, U S F & G effectively canceled its policy for nonpayment of premium in purportedly compliance with the same statutory section.
It appears that both Robert Rakow and his sister resided with their mother, Veronica Rakow, at the time of the accident. At that juncture, the mother was the named insured in a policy of automobile liability insurance written by petitioner, Norfolk & Dedham.
*931 Claiming to be an additional insured under his mother’s policy with Norfolk & Dedham, respondent Rakow made a claim under the uninsured motorist indorsement of that policy on or about January 9, 1979. By letter dated January 23, 1979, petitioner’s claims manager disclaimed coverage and suggested that the matter be reported to Motor Vehicle Accident Indemnification Corporation (MVAIC). Respondent filed a notice of intention to make claim with MVAIC, and, by letter dated February 8, 1979, the latter entity returned the notice with the recommendation that the matter be reported to Norfolk & Dedham.
Under date of April 5, 1979, respondent’s attorneys sent notice of demand for arbitration to petitioner under the uninsured motorist indorsement of his mother’s policy. Thereafter, and on April 25, 1979, petitioner instituted this special proceeding by making application to stay the demanded arbitration. The timeliness of that application is not in dispute here.
Respondent Rakow has made a cross application to join Transamerica, USF&G and MVAIC as additional parties respondent in this proceeding. Responding to service of the papers on the cross application, counsel for each of these entities have served affirmations on the attorneys for petitioner and respondent. With the exception of U S F & G, none strenuously resist joinder. Counsel for U S F & G opposes the petition here, and urges that "[o]nce a policy with an arbitration clause has been issued, all questions regarding 'scope of coverage are to be resolved in arbitration if the claimant so elects’ ”, citing the opinion of the New York Court of Appeals in Matter of Nassau Ins. Co. v McMorris (41 NY2d 701) as authority for that proposition.
In the view of this court, U S F & G’s reliance on McMorris is misplaced. McMorris involved a dispute as to an insurer’s liability to pay first-party benefits to a claimant who sought arbitration under a no-fault automobile insurance policy. To be sure, in the opinion there, Judge Jones, writing for an unanimous court, held that, under the broad arbitration provisions of subdivision 2 of section 675 of the Insurance Law and the equally broad terms of the arbitration clause of the approved form of standard no-fault policy promulgated by the Superintendent of Insurance (11 NYCRR 65.2), threshold questions relating to cancellation or continuation of insurance as *932 well as scope of coverage are for arbitral rather than judicial determination, if a claimant chooses the arbitral forum.
But, in the matter at bar, we are dealing with a demand for arbitration under an uninsured motorist indorsement rather than one predicated upon the terms of a no-fault policy. As the Second Department majority pointed out in McMorris when it affirmed Special Term’s denial of an application to stay arbitration in that case (53 AD2d 694), there is a vast difference between the terms of the no-fault arbitration agreement and those of the arbitration clause of an uninsured motorist indorsement. The former are wide-reaching in sweep and include threshold issues. In contrast, the latter are particular, not general, and make only two issues arbitrable, the negligence of the offending uninsured motorist and amount of damages to be paid if fault should be established. The latter clause imposes no obligation to arbitrate preliminary issues which constitute conditions precedent to arbitration, such as insurance coverage and whether an uninsured automobile was involved. (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 NY2d 310; 30 NY Jur, Insurance, § 1258; 29 ALR3d 328, 342-353.) Consequently, the holding in McMorris has no application to uninsured motorist claims.
The petition is granted to the extent that arbitration is stayed pending trial of the issues of fact presented here. The cross application is also granted and Transamerica, U S F & G and MVAIC are joined as parties corespondent. The caption of the proceeding shall be amended accordingly. This matter is set down for trial peremptorily on June 26, 1979. Petitioner’s attorney is directed to file a note of issue for trial within five days after receipt of this decision and order.