2021 IL App (1st) 210463-U

No. 1-21-0463

Order filed December 22, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| EUGENE STAPLES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO TITLE LAND TRUST COMPANY, as | ) | |
| Successor Trustee to U.S. Bank N.A., as Successor | ) | No. 19 CH 2560 |
| Trustee to Firstar Bank Illinois f/k/a First Colonial Trust | ) | |
| Company, Successor to Avenue Bank And Trust | ) | |
| Company of Oak Park, as Trustee under Trust Agreement | ) | |
| Dated September 30, 1987, and Known as Trust Number | ) | |
| 4926; JOHN SHEEHAN; and TIMOTHY SHEEHAN, | ) | Honorable |
| | ) | Sanjay T. Tailor, |
| Defendants, | ) | Moshe Jacobius, |
| | ) | Cecilia A. Horan |
| (John Sheehan, Defendant-Appellant). | ) | Judges presiding. |

JUSTICE BURKE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's order confirming an arbitration award where the defendant-appellant failed to timely present any grounds to vacate the arbitration

award, as required by section 12(b) of the Uniform Arbitration Act (710 ILCS 5/12(b) (West 2018)).

¶ 2     John Sheehan (appellant) and his brother, Timothy Sheehan, agreed to sell an office building they owned through a land trust to Eugene Staples (plaintiff). While the transaction was pending, appellant expressed reservations about selling the property and ultimately refused to provide plaintiff an extension to the financing contingency provisions of the purchase agreement. The parties became embroiled in a dispute of whether, despite the rejection of plaintiff's request, the agreement was still valid and in effect. To this end, plaintiff sued the Sheehans and the land trust, seeking an order that they be required to perform their obligations under the agreement and sell the office building to him. Because of an arbitration provision in the agreement, the circuit court stayed the lawsuit, and the dispute proceeded to binding arbitration, where an arbitrator found in favor of plaintiff and ordered the Sheehans to consummate the agreement. Thereafter, on plaintiff's motion, the circuit court confirmed the arbitration award. In response to the confirmation order, appellant filed various unsuccessful motions. After the court entered the final order in the case, appellant appealed. On appeal, appellant seeks to have the ruling of the arbitrator deemed void on various grounds. For the reasons that follow, we affirm the circuit court's confirmation order.

¶ 3                                    I. BACKGROUND

¶ 4                            A. Parties' Real Estate Relationship

¶ 5     Chicago Title Land Trust Company, as Trustee under Trust Agreement Dated September 30, 1987, and Known as Trust Number 4926 (Chicago Title) owned legal title to a multi-unit office building in Oak Park. Appellant and Timothy each were 50 percent owners and beneficiaries of the land trust.

¶ 6    In early November 2018, plaintiff, appellant and Timothy entered into a real estate purchase agreement, where plaintiff was to purchase, and the Sheehans were to sell, the office building. The purchase agreement contained various financing contingencies, including one that required plaintiff to notify the Sheehans within 45 days of the execution of the agreement that he had obtained a loan to purchase the property. According to the agreement, if plaintiff failed to notify the Sheehans that he had obtained the loan, the agreement would be rendered null and void. As part of the agreement, the parties consented that all disputes arising out of the agreement or transaction "shall be settled exclusively by final, binding arbitration" and that they could seek a judgment in court confirming the arbitration award.

¶ 7    According to Timothy, the month after the parties executed the purchase agreement, appellant expressed reservations about selling the property and instead wanted his son to purchase Timothy's share. Eventually, according to Timothy, appellant "did not want the deal to go through," and if there was "any variation" in the agreement, appellant wanted to declare it null and void. In late December 2018, plaintiff's attorney requested an extension to the financing contingency provisions, which the Sheehans' attorney accepted. In early January 2019, plaintiff's attorney requested an extension of the closing date until mid-February 2019. A week later, the Sheehans' attorney agreed to an extension of the closing date, but requested that the date be postponed until as late as March 1, 2019.

¶ 8    The following week, plaintiff's attorney responded and agreed to postponing the closing date further, but noted his preference for a date earlier than March 1. Plaintiff's attorney also informed the Sheehans' attorney that plaintiff's loan had been approved but they were awaiting the appraisal of the property. In light of the circumstances, plaintiff's attorney requested another extension to the financing contingency provisions of the agreement. On February 1, 2019, the

Sheehans' attorney informed plaintiff's attorney that the brothers were "deadlocked on whether to grant an extension" to the financing contingency provisions of the agreement, and therefore, plaintiff's request would not be granted. The Sheehans' attorney further asserted that the agreement was terminated. In response, plaintiff's attorney withdrew the request for an extension of the financing contingency provisions and asserted that plaintiff was ready to close on the sale of the property. However, the Sheehans' attorney declined the offer.

¶ 9                                B. The Lawsuit and Arbitration

¶ 10    In February 2019, plaintiff sued the Sheehans and Chicago Title, seeking an order that they be required to perform their obligations under the purchase agreement and sell him the office building. The Sheehans subsequently appeared through different attorneys, although Chicago Title did not appear. In response to plaintiff's complaint, appellant filed a motion to dismiss, arguing that the parties' purchase agreement provided for binding arbitration as the exclusive remedy for disputes arising under the agreement. In June 2019, the circuit court subsequently placed the matter on the arbitration calendar and stayed the proceedings. The case proceeded to arbitration through the American Arbitration Association.

¶ 11    Ultimately, on November 4, 2020, arbitrator Robert W. Berliner, Jr. issued a written arbitration decision and award. The arbitrator highlighted the chief contention that appellant raised, which was that the agreement between the parties terminated in late December 2018. However, the arbitrator found the parties' actions following this period of time belied appellant's claim. Specifically, the arbitrator observed the various extensions the parties agreed to and pointed out that the Sheehans' attorney had requested postponing the closing date on January 18, 2019. The arbitrator asserted that the Sheehans "could not have proposed a date for closing under the contract if they regarded the contract as terminated," and therefore, contrary to appellant's argument, the

Sheehans "regarded the contract [as] still in force on January 18." The arbitrator continued and noted that plaintiff's attorney accepted the postponement of the closing date by way of a January 25, 2019, letter that also included a request for another extension to the financing contingency provisions. According to the arbitrator, "as of January 25, the contract was in force."

¶ 12    The arbitrator next observed that, although plaintiff's attorney requested the additional extension to the financing contingency provisions on January 25, 2019, he "did not condition his client's acceptance of the offer to postpone the closing on [the Sheehans'] agreement to extend the financing contingency period." Citing to *Hubble v. O'Connor*, 291 Ill. App. 3d 974, 980 (1997), the arbitrator concluded that "an inquiry about a change in contract terms does not constitute a demand for modification of the contract, which, if rejected, might well cause the termination of the contract." Thus, the Sheehans' rejection of plaintiff's request for an extension to the financing contingency provisions "did not cause the termination of the contract." Accordingly, the arbitrator concluded that the parties' purchase agreement remained in full force and effect, and that plaintiff was entitled to specific performance as soon as practical, but no later than March 1, 2021.

¶ 13    In addition, the arbitrator highlighted that plaintiff had sought monetary damages to compensate him for the loss of cash flow from the office building that he was not receiving due to the delay in the agreement closing. To this end, the arbitrator awarded plaintiff $23,500 in damages from the Sheehans for the year 2019 and $6,517 per month beginning in 2020 until the deal closed, prorated on a *per diem* basis the final month if the deal did not close on the last day of that month.

¶ 14    On November 16, 2020, plaintiff filed a motion to confirm the arbitration award in the circuit court, and he attached the written arbitration award. In his notice of motion, plaintiff's attorney certified that he served the notice on the Sheehans' respective attorneys by e-mailing it to them the same day plaintiff filed the motion.

¶ 15    Following a November 25, 2020, hearing, the circuit court granted plaintiff's motion but reserved confirming the monetary damages, as awarded in the arbitration decision, until the transaction closed. At the hearing, the court denied appellant's oral motion for a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 16    On December 9, 2020, appellant filed a motion to reconsider the circuit court's order confirming the arbitration award, but only sought a reconsideration of the court's denial of a Rule 304(a) finding. The next day, appellant filed an amended motion to reconsider the court's order confirming the arbitration award, but again still only sought a reconsideration of the court's denial of a Rule 304(a) finding. In response, plaintiff noted that appellant's attorney did not object to the entry of an order confirming the arbitration award and thus, he had waived any claim of error with respect to the court's confirmation order. Additionally, plaintiff highlighted that appellant only requested the court reconsider its denial of a Rule 304(a) finding and did not set forth any legal grounds explaining why the court should reconsider its confirmation order. In support of his response, plaintiff attached an affidavit from William S. Ryan, his attorney. In the affidavit, Ryan averred that, at the hearing on plaintiff's motion to confirm the arbitration award, appellant's attorney did not object to plaintiff's motion, did not ask for time to draft a response to the motion and did not set forth any argument as to why plaintiff's motion should be denied.[1]

¶ 17    Four days later, the circuit court denied appellant's amended motion to reconsider. The same day the court denied appellant's amended motion to reconsider, appellant filed a notice of appeal of the circuit court's order confirming the arbitration award. In conjunction with the notice of appeal, appellant filed a motion to stay the circuit court proceedings pending his appeal. On

---

[1] Later during the circuit court proceedings, appellant conceded that his attorney did not object to plaintiff's motion to confirm the arbitration award.

December 22, 2020, appellant filed a motion for a substitution of judge as of right. A week later, the circuit court denied appellant's motion for a substitution of judge as of right, finding that its order confirming the arbitration award was a substantial ruling. The court did not address appellant's motion to stay.

¶ 18 Appellant subsequently moved the circuit court to reconsider its denial of his motion for a substitution of judge. In the motion, appellant summarized what occurred during the hearing on his motion for a substitution of judge. According to appellant, the court asserted that it had "the authority to modify" the arbitration award and because of this power, its order confirming the arbitration award was a substantial ruling. Appellant claimed that, during the hearing, the court asked his attorney if the attorney was aware of any authority prohibiting the court from entering the award as written by the arbitrator and allowing the court to modify the award. In response, appellant's attorney stated that he was unaware of such authority, and it was his understanding that the court "had a ministerial duty to perform a non-discretionary act and follow the arbitration agreement entered freely and voluntarily between the parties."

¶ 19 After summarizing what occurred at the hearing on his motion for a substitution of judge, appellant remarked that, upon further research, the circuit court had limited authority to modify an arbitration award based specifically on section 13 of the Uniform Arbitration Act (Act) (710 ILCS 5/13 (West 2018)) and the case of *Kenny v. Kenny*, 406 Ill. App. 3d 56 (2010). Appellant posited that the circumstances contemplated by section 13 of the Act and *Gerard* were not present in the instant case, and thus, contrary to the court's assertion, it did not have the authority "to render a decision which ha[d] any effect upon the merits." To this end, appellant argued that the court's confirmation order was "strictly a matter of procedure" and thus, such an order could not constitute a substantial ruling for purposes of a motion for a substitution of judge.

¶ 20    In early January 2021 in this court, we dismissed appellant's appeal based on plaintiff's motion and found that appellant had not appealed from a final and appealable order, and the appeal was a non-permissible appeal.

¶ 21    On February 4, 2021, back in the circuit court, appellant filed a "motion for review of prior ruling," arguing that the circuit court erred in its pronouncement of the law regarding the confirmation of arbitration awards, namely its assertion that it had the authority to modify the merits of an arbitration award. Because of the court's alleged erroneous belief about its authority when reviewing arbitration awards, appellant contended that the court erred in denying his request for a Rule 304(a) finding. As such, appellant requested the court to reconsider its denial of a finding under Rule 304(a) and stay the proceedings pending his subsequent appeal. Later that month, the court denied appellant's "motion for review of prior ruling" and his motion to reconsider its denial of his motion for a substitution of judge. The court also stated that, because it had resolved all pending motions to reconsider, it was transferring the case to the presiding judge of the chancery division for reassignment.

¶ 22    On February 22, 2021, appellant filed a petition for injunctive relief and a restraining order, wherein he argued that the arbitrator had erred in resolving the dispute over the purchase agreement. Appellant also asserted that the property subject to the agreement had valuable cellular tower leases that he believed plaintiff intended to sell if the agreement went through. Because it would be impossible to reverse those sales, appellant argued he would be irreparably harmed unless the circuit court entered injunctive relief. As such, appellant requested the court enter an injunction preventing plaintiff from making any such changes to the premises, and transferring or encumbering any portion of the property. Two days later, appellant filed a motion to overturn the arbitration award, arguing that the arbitrator's findings went beyond the four corners of the

agreement and therefore, the arbitrator violated the arbitration provision of the agreement and the Act (710 ILCS 5/1 *et seq.* (West 2018)). In conjunction with his various motions, appellant sought another stay order.

¶ 23     On February 26, 2021, the circuit court found that appellant's petition for injunctive relief and a restraining order was not "properly entitled," as it was actually a motion to stay, and declined to rule on the petition.[2] Additionally, the court denied appellant's actual motion to stay and his motion to overturn the arbitration award. The parties scheduled a closing for the property on April 6, 2021, but plaintiff's lender did not fund his loan due to the existence of the litigation. As such, the closing did not occur. Plaintiff's lender required title insurance, but the title insurance company would only insure over the pending litigation in two scenarios. One scenario was that the parties entered into an agreed order and "voluntarily dismiss," and the second scenario was that a final, appealable order was entered and the 30-day appeal period passed.

¶ 24     As such, in mid-April 2021, plaintiff filed a motion for the entry of an agreed between him and the Sheehans. The circuit court entered the agreed order, which stated that a judgment of specific performance was entered in favor of plaintiff and against Chicago Title and the Sheehans that required them to fulfill their contractual obligations to sell the property in Oak Park.[3] The agreed order further stated that various damages were awarded to plaintiff and against Chicago Title and the Sheehans. Lastly, the agreed order stated that it was a final order and there was no just reason to delay enforcement or appeal of the order.

---

[2] This order was entered by Judge Moshe Jacobius.
[3] The agreed order was entered by Judge Cecilia A. Horan.

¶ 25    Appellant subsequently filed his notice of appeal, seeking review of the arbitrator's arbitration award, the circuit court's order confirming the arbitration award, the court's order denying his motion to overturn the arbitration award and the court's entry of the agreed order.

¶ 26                                    II. ANALYSIS

¶ 27    Appellant contends that the arbitrator committed various errors when arriving at his arbitration award. First, appellant argues that the arbitrator exceeded his authority when he ignored plaintiff's violation of the financing contingency provisions of the purchase agreement and then found the agreement was modified without the amendments being signed by the parties. Second, appellant argues that the arbitrator erred by not finding the purchase agreement null and void. Third, he argues that the arbitrator improperly relied on extrinsic evidence when construing the purchase agreement. And finally, appellant argues that the arbitrator erred in awarding plaintiff damages. As relief, appellant requests that we void the ruling of the arbitrator.

¶ 28    In Illinois, the Act governs arbitration proceedings absent an agreement to the contrary. *Bushell v. Caterpillar, Inc.*, 291 Ill. App. 3d 559, 563 (1997). "The chief effect and benefit of this Act is that it grants legal enforceability to arbitration agreements to settle future, as well as existing disputes." *Flood v. Country Mutual Insurance Co.*, 41 Ill. 2d 91, 93 (1968). Under the Act, the circuit court must confirm an arbitration award upon the application of a party unless another party provides grounds for vacating, modifying or correcting the award and follows the procedures set forth in the Act. 710 ILCS 5/11 (West 2018). A party may move to vacate an arbitration award in the circuit court, but only on certain grounds. 710 ILCS 5/12(a) (West 2018). Those are if: (1) the award was "procured by corruption, fraud or other undue means;" (2) there was obvious bias on the part of the arbitrator; (3) the arbitrator exceeded his powers; (4) the arbitrator refused to allow

a reasonable request for a continuance or failed to consider relevant evidence; or (5) there was no agreement by the parties to arbitrate. *Id.*

¶ 29 However, there is a time limitation in which a party can request the circuit court vacate the arbitration award. 710 ILCS 5/12(b) (West 2018). Such an application must be made "within 90 days after delivery of a copy of the award to the applicant" unless the application is "predicated upon corruption, fraud or other undue means" in which case "it shall be made within 90 days after such grounds are known or should have been known." *Id.* We have interpreted section 12(b) of the Act as requiring a party to present reasons to the court for vacating an arbitration award within the 90-day period following delivery of the award. *Bloom v. Landy*, 72 Ill. App. 3d 383, 394 (1979). Although the party challenging the arbitration award may do so based on his own motion to vacate, he may also challenge the award "by raising reasons supporting vacation in an answer to the other party's petition to confirm the award." *Id.*; see also *Kress Corp. v. Edward C. Levy Co.*, 102 Ill. App. 3d 264, 267 (1981) ("[A] party is time-barred from asserting statutory grounds for vacatur, whether by independent motion to vacate or in defense of a motion for confirmation, if such grounds are asserted beyond the 90-day period."). Furthermore, the fact that a party files a motion to confirm an arbitration award "does not extend the 90 day statutory time period within which a request for vacation of the award must be presented." *Bloom*, 72 Ill. App. 3d at 394. As such, if a party does not present grounds under section 12(a) of the Act (710 ILCS 5/12(a) (West 2018)) to vacate an arbitration award within the 90-day period following receipt of the arbitration award, "such grounds are barred and a trial court must confirm the award." *Best Coin-Op, Inc. v. Clementi*, 120 Ill. App. 3d 892, 899 (1983).

¶ 30 In this case, the arbitrator issued his written arbitration award on November 4, 2020. Two weeks later, plaintiff filed his motion in the circuit court to confirm the arbitration award. In

response to plaintiff's motion, appellant never sought time to respond to the motion, never objected to the confirmation of the arbitration award and never set forth any argument as to why plaintiff's motion should be denied. In other words, appellant never attempted to mount a defense to plaintiff's motion and assert grounds for vacatur. The only request appellant made was for a Rule 304(a) finding to appeal the confirmation order, which the court denied. After the court granted plaintiff's motion on November 25, 2020, appellant filed a motion to reconsider, but only sought reconsideration of the court's denial of his request for a Rule 304(a) finding. The court eventually denied appellant's motion to reconsider, and thereafter, on December 18, 2020, he filed his notice of appeal. Appellant continued filing motions in late December 2020, with a motion for a substitution of judge and a motion to reconsider the court's denial of his motion for a substitution of judge. Eventually, on February 4, 2021, appellant filed his "motion for review of prior ruling," which assailed the circuit court's belief about its authority when reviewing a motion to confirm an arbitration award and sought the court to reconsider its denial of a finding under Rule 304(a).

¶ 31 Despite appellant being quite active in the circuit court following plaintiff's motion to confirm the arbitration award and the court's confirmation of the award, none of appellant's motions ever set forth grounds for vacating the arbitration award. Although it is unclear from the record when appellant received delivery of the arbitration award, there is no doubt that the latest appellant would have known about the decision was November 16, 2020. This was the date when plaintiff's attorney e-mailed appellant's attorney with the notice of plaintiff's motion to confirm the arbitration award that included the written arbitration award as an exhibit. That is to say, viewing the record in the most liberal fashion in favor of appellant (because he almost assuredly received receipt of the arbitration award before November 16, 2020), he had 90 days from November 16, 2020, to present his grounds under section 12(a) of the Act (710 ILCS 5/12(a) (West

2018)) to have the arbitration award vacated or else be barred from asserting such grounds. See *Clementi*, 120 Ill. App. 3d at 899. As such, the latest appellant could have timely presented his grounds for vacatur was February 16, 2021.[4] Appellant filed various motions to reconsider and other ancillary motions, but never once presented any grounds to vacate the arbitration award within 90 days of receiving the award, as required by section 12(b) of the Act (710 ILCS 5/12(b) (West 2018)). To be sure, in appellant's reply brief, he highlights that, in his February 24, 2021, motion to overturn the arbitration award, he "for the first time" sought that the circuit "court hear arguments of counsel and overturn the Arbitrator's award." This concession is fatal to appellant's appeal and his request for appellate relief.

¶ 32   Having failed to timely present any grounds to vacate the arbitration award in the circuit court, appellant is barred from raising grounds to vacate the arbitration award in his appeal. See *Clementi*, 120 Ill. App. 3d at 899 (holding that, because the defendants "failed to assert any section 12 grounds for vacatur of the arbitration award within 90 days after receipt of that award," they were "barred from asserting such grounds" on appeal); *Bloom*, 72 Ill. App. 3d at 395 (holding that, where the defendant "fail[ed] to move for vacation of the [arbitration] award in a timely manner," he "waived any error in connection with his claim of fraud in the inducement" of the award). Consequently, appellant cannot challenge the arbitration award, and because his sole requested relief in this appeal was to "void," *i.e.*, vacate, the ruling of the arbitrator, we cannot provide him any relief. Although plaintiff has not raised the 90-day time period as a basis for affirming the circuit court's confirmation order, we may affirm the court's ruling on any basis supported by the

---

[4] Ninety days following November 16, 2020, was February 14, 2021, a Sunday. And February 15, 2021, was Washington's birthday, meaning the 90th day for purposes of time computation under Illinois law was February 16, 2021. See 5 ILCS 70/1.11 (West 2018) (stating that, when a filing deadline falls on a weekend or holiday, the weekend or holiday is excluded from the calculation of the deadline).

record. See *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 12. Accordingly, we affirm the circuit court's order confirming the arbitration award.

¶ 33                                    III. CONCLUSION

¶ 34    For the foregoing reasons, we affirm the judgement of the circuit court of Cook County.

¶ 35    Affirmed.