CARR v. KALAMAZOO VEGETABLE PARCHMENT COMPANY.

1. ARBITRATION AND AWARD—SCOPE OF AWARD.

An award of an arbitrator must conform to the submission and may cover no matters outside the submission to arbitration as the arbitrator derives his power solely from the agreement between the parties.

2. SAME—EQUITY.

An arbitrator is not a chancellor and possesses no equitable powers except as the agreement of submission may expressly grant such.

3. SAME—SCOPE OF RELIEF.

An arbitrator has no right to dictate specific types of relief outside the scope of the submitted issue or issues, once he has decided the latter.

4. SAME—DISCHARGE OF EMPLOYEE—SENIORITY—BACK PAY—SCOPE OF ARBITRATOR'S AWARD.

The authority of an arbitrator was exhausted when he determined the question as to whether plaintiff had been unjustly dis-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  3 Am Jur, Arbitration and Award §§ 122, 123.
[2]  3 Am Jur, Arbitration and Award §§ 85, 92.
[3]  3 Am Jur, Arbitration and Award § 123.
[5]  31 Am Jur, Labor §§ 119, 121.
[5]  Matters arbitrable under arbitration provisions of collective labor contract. 24 ALR2d 752.
[6]  19 Am Jur, Estoppel § 190.
[6]  Pleading waiver, estoppel, and res judicata. 120 ALR 8.

charged, the collective bargaining agreement as distinguished from the agreement to arbitrate, having provided as to reinstatement, restoration of seniority rights and back pay in the event an employee's discharge was found to be unwarranted, hence, the arbitrator's denial of back pay was without his authority.

5. MASTER AND SERVANT—UNJUST DISCHARGE—BACK PAY—ARBITRATION—COLLECTIVE BARGAINING AGREEMENT—ESTOPPEL.

Plaintiff employee who was found by arbitrator to have been unjustly discharged by defendant employer was entitled, under collective bargaining agreement to treat arbitrator's decision as merely a determination of the submitted issue of unjust discharge and was entitled to disregard the arbitrator's denial of back pay, where the matter of back pay in such event had been provided for in the collective bargaining agreement, hence, his acceptance of re-employment did not raise an estoppel to recovery of back pay.

6. ESTOPPEL—PLEADING—MOTION TO DISMISS.

The defendant in a law case may not interpose the affirmative defense of estoppel and, on the strength of such defense, move to dismiss the plaintiff's declaration (Court Rule No 18 [1945]).

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted June 10, 1958. (Docket No. 21, Calendar No. 47,588.) Decided October 13, 1958.

Action by James Carr against Kalamazoo Vegetable Parchment Company, a Michigan corporation, for wages lost because of alleged illegal discharge. Cause dismissed on motion. Plaintiff appeals. Reversed.

*Ford, Kriekard & Brown (Gordon H. Kriekard,* of counsel), for plaintiff.

*Sharpe, Stapleton, Huff, Adams & Burgie (John S. Adams,* of counsel), for defendant.

KELLY, J. (*dissenting*). Plaintiff seeks back wages which he claims defendant owes him because of illegal discharge in violation of a collective bargaining agreement between defendant and plaintiff's union, the International Brotherhood of Paper Makers and Parchment Local No 323.

Article 5 (i) of the agreement provided:

"If the employee is proved to have been unjustly discharged, he shall be reinstated with full seniority and shall receive pay for all time lost from work."

Plaintiff was discharged by defendant July 21, 1956. Plaintiff and defendant, being unable to adjust the matter under the collective bargaining agreement, agreed to the following arbitration agreement:

"On July 21, 1956, James Carr, a member of Parchment Local No. 323, International Brotherhood of Paper Makers, AFL–CIO, entered a grievance because he was terminated by the KVP Company. The KVP Company terminated this employee for cause, and the committee representing Parchment Local No. 323 did not feel there was justifiable evidence to warrant discharge. This grievance was not settled in any of the steps as provided for in the contract prior to arbitration, and therefore the parties in this agreement agreed to submit the dispute to arbitration."

On September 25, 1956, the arbitration hearing was held, all parties agreeing to adhere to the decision rendered by the arbitrator appointed by the American Arbitration Association, rather than the 3 arbitrators specified by the collective bargaining agreement. On October 23, 1956, the arbitrator rendered his opinion, in which he stated:

"Under all of the circumstances and the reasons set forth above, the arbitrator is of the opinion that while the grievant was guilty of an offense that amounted to violation of the shop rule against dis-

obedience and that he also may be considered to have neglected his duty, the imposition of the penalty of discharge was not justifiable under the circumstances.   *   *   *

"The grievant, James Carr, is to be immediately reinstated to work with full seniority but without any back pay."

Plaintiff returned to work on October 25, 1956, but claimed his discharge had been found to be not justified and that, therefore, he was entitled to the loss of back pay. To recover this back pay he filed this suit on December 17, 1956.

Defendant filed its motion to dismiss, alleging that the pleadings failed to state a cause of action and that furthermore, plaintiff, having accepted the benefits of the award, cannot now dispute the validity of such award.

Raymond W. Fox, circuit judge for the county of Kalamazoo, granted the motion and in his written opinion stated:

"The award of the arbitrator reads as follows: 'The grievant, James Carr, is to be immediately reinstated to work with full seniority but without any back pay.' In the opinion dictated by the arbitrator, he finds that although the grievant was guilty of an offense which amounted to a violation of the shop rule against disobedience and that he had neglected his duty, the imposition of the penalty of discharge was not justifiable. Therefore, in the opinion of the arbitrator, 'it would be the better and more fair view for an arbitrator to fit the penalty to the offense within the range standard set by the parties rather than hold himself estopped from doing so where the parties have not instructed him otherwise.' For this reason the award reinstates the plaintiff with full seniority but without any back pay.

"By returning to work under the award, plaintiff received substantial benefits from the award. His actions and the actions of the defendant in reinstat-

ing him with full seniority amounted to an acceptance of the award, and in the opinion of this court he should be held and he is held to have waived any right which he might otherwise have had to object to the award. (See 3 Am Jur, Arbitration and Award, § 133, p 956.) 'One receiving the fruits of an award should not be allowed thereafter to question its validity.' It is argued by counsel for the plaintiff that the award is valid in part and void in part, and that the acceptance by the plaintiff was only of the valid portion of the award. Is the award divisible as plaintiff contends? In the opinion of the court it is not. It clearly was not intended to be divisible by the arbitrator, and in the opinion of this court it is not divisible."

This Court agrees with the trial court and we, therefore, should affirm the order granting the motion to dismiss. Costs to appellee.

DETHMERS, C. J., and CARR, J., concurred with KELLY, J.

BLACK, J. I cannot agree with my Brother. His opinion does not touch the initial and, as I believe, decisive question posed below on motion to dismiss. That question is whether—accepting the well-pleaded allegations of plaintiff's declaration as true—the arbitrator was possessed of authority to determine anything over and beyond the submitted issue of unjust discharge.

Nothing is better settled, in the legal area of common law and statutory arbitration, than that the award must conform to the submission and that it may cover no matters outside the submission (3 Am Jur, Arbitration and Award, §§ 122, 123, pp 944–946). The reason stems from a universal holding—"that the arbitrator derives his power solely from the agreement between the parties." (*Acme Cut*

*Stone Co.* v. *New Center Development Corp.,* 281 Mich 32, 45 [112 ALR 865].) Here the arbitrator assumed to determine that which the shop contract has settled, that is, plaintiff's right to back pay should his discharge be found "unjust." He—the arbitrator—had no right to do so. It follows that the arbitrator's readily severable appendage (denying back pay) must be regarded as a nullity.

An arbitrator is not a chancellor. He possesses no equitable powers excepting as the submission may expressly grant such. He is in no position to mollify, qualify, or straddle, and he has no right to dictate specific types of relief outside the scope of the submitted issue or issues, once he has decided the latter.

In this case the plaintiff employee declares on a lawful provision of a shop contract reading: "If the employee is proved to have been unjustly discharged, he shall be reinstated with full seniority and shall receive pay for all time lost from work." As previously indicated, such contract assures the discharged employee all seniority rights, and back pay, once it has been found by the provided procedure that his discharge was unwarranted. Pursuing agreed procedure, the question of plaintiff's claimed unjust discharge was put to the arbitrator for determination. He decided that issue by ruling that plaintiff had been unjustly discharged. His jurisdiction and authority stopped there and the shop contract took over for admeasurement of plaintiff's rights.

Turning now to the question of estoppel arising, as claimed, from the acceptance by plaintiff of re-employment. Plaintiff was at liberty to treat the arbitrator's decision as no more and no less than a decision of the submitted issue of unjust discharge. Such was plaintiff's right as a matter of contract law. He returned to work at once (had he not done

so, he might have lost his contracted rights) and looks now to a court of law to provide him with that which is called for by the shop contract (in event of unjust discharge), that is, "pay for all time lost from work."

The question of estoppel as pleaded by defendant* was not properly before the circuit court on motion to dismiss. It is not before this Court in turn. The defendant in a law case may not interpose the affirmative defense of estoppel and, on strength of such defense, move to dismiss the plaintiff's declaration. Court Rule No 18 (1945) specifies the instances in which a defendant may move to dismiss where defensively pleaded defects do not appear upon the face of the declaration or bill. The present defense (that plaintiff having gone back to work is estopped to sue for back wages) is not included within or contemplated by the procedural purview of said Rule No 18. Defendant's motion to dismiss thus was out of order, so far as concerns reliance on "acceptance of benefits" and alleged estoppel to sue.

It is hardly necessary to say that the undersigned would decide this appeal solely by appraisal of plaintiff's declaration. On its face and as against the motion to dismiss, that declaration states a cause of action.

I vote to reverse with remand for entry of order denying motion to dismiss. Costs to plaintiff.

SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.

---

* Defendant's affirmative defense, as pleaded, reads this way: "That on the 25th day of October, 1956, defendant, acting in accord with the terms of said award, offered employment to said plaintiff, which employment plaintiff that day accepted and which employment continues to the date hereof. That plaintiff having accepted the benefits of said award cannot now dispute the validity of the same."