SIPKOVSKY v FITZGERALD BOARD OF EDUCATION

1. ARBITRATION AND AWARD—JURISDICTION—UNION CONTRACTS—
   RIGHTS OF PARTIES.

   The jurisdiction and authority of an arbitrator under a union
   contract are ended after the arbitrator has made his findings,
   and thereafter the union contract determines the rights of the
   parties.

2. ARBITRATION AND AWARD—UNJUST SUSPENSIONS—UNION CON-
   TRACTS—REINSTATEMENT.

   An arbitration award sustaining an employee's grievance and
   converting his discharge to a disciplinary suspension of 90 days
   without loss of seniority was not overbroad and should have
   been sustained by the trial court, where the union contract
   provided that an employee found to be unjustly suspended or
   discharged shall be reinstated with full restoration of rights,
   the employee should have been reinstated to the same position
   with all rights provided for in the contract.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 October 9, 1973, at Detroit. Decided November 29, 1973.

Complaint by John Sipkovsky and Local 1305, Michigan Council No. 23, American Federation of State, County and Municipal Employees, AFL-CIO, against the Fitzgerald Board of Education to enforce an arbitrator's award under a labor union contract. Judgment for Defendant. Plaintiffs appeal. Reversed and plaintiff Sipkovsky reinstated to his former position.

*Zwerdling, Maurer, Diggs & Papp,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur 2d, Labor and Labor Relations §§ 1248, 1257.
[2] 53 Am Jur 2d, Master and Servant § 43 *et seq.*

*Clark, Hardy, Lewis & Fine, P. C.* (by *Dennis R. Pollard),* for defendant.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

R. B. BURNS, J. This is an appeal from a decision holding that an arbitration award under a labor union contract was overbroad and without authority.

Plaintiff Sipkovsky had been employed in the maintenance department of the defendant school system since 1956 as a maintenance leader. After a hearing before the defendant board he was discharged. Plaintiff thereupon filed a grievance through his union local, which ended in arbitration pursuant to the union contract.

The last two paragraphs of the arbitration opinion state:

"It would appear that the penalty of discharge, as great a penalty as can be administered in our industrial system, is far too severe a punishment for a $3.00 infraction. It would seem that justice would be better served were the grievant penalized by a disciplinary suspension of 90 days, which would be enough to convince him and other employees similarly misguided of the error of their ways. I believe that such a penalty would be more than adequate and that the administered penalty should be so reduced.

"The grievance of John Sipkovsky is sustained to the extent that the discharge is converted to a disciplinary suspension of 90 days from May 27, 1971. Grievant is to be promptly reinstated without loss of seniority and with back pay at straight time and upon the basis of 40 hours per week for the period from the date of termination of the suspension to the date of his return to work."

The defendant refused to follow the arbitrator's

award, but instead reinstated plaintiff as a "custodian". Plaintiff then filed suit to enforce the arbitrator's award.

The trial court upheld the action of the defendant, stating:

"The arbitrator having made his determination on the specific question submitted to him under the contract and having found as a matter of fact that the employee did commit acts which were 'just cause' for dismissal, the employer, the School District, is permitted to apply such remedies for which provision is made in the employment contract entered into between plaintiff and Fitzgerald Board of Education."

In *Carr v Kalamazoo Vegetable Parchment Co,* 354 Mich 327; 92 NW2d 295 (1958), the arbitration found that the grievant was guilty of the offense charged, but that the imposition of the penalty of discharge was not justifiable under the circumstances. The grievant was reinstated with full seniority but without any back pay. The Court stated:

"In this case the plaintiff employee declares on a lawful provision of a shop contract reading: 'If the employee is proved to have been unjustly discharged, he shall be reinstated with full seniority and shall receive pay for all time lost from work.' As previously indicated, such contract assures the discharged employee all seniority rights, and back pay, once it has been found by the provided procedure that his discharge was unwarranted. Pursuing agreed procedure, the question of plaintiff's claimed unjust discharge was put to the arbitrator for determination. He decided that issue by ruling that plaintiff had been unjustly discharged. His jurisdiction and authority stopped there and the shop contract took over for admeasurement of plaintiff's rights." *Carr v Kalamazoo Vegetable Parchment Co,* 354 Mich at 332; 92 NW2d at 296–297.

Contrary to the conclusion reached by the trial judge, the arbitrator in this case, as in the *Carr* case, found that the grievant had committed the act which led to his discharge, but that in his opinion the act under the circumstances did not justify the grievant's discharge.

Once the arbitrator found that the grievant had been unjustly discharged his jurisdiction and authority ended and the union contract determined the rights of the parties.

Section I—Article XIX, E states:

"Any employee found to be unjustly suspended or discharged shall be reinstated with full compensation for all lost time and with full restoration of all other rights and conditions of employment."

The trial court is reversed and the plaintiff is reinstated to his former position.

This decision does not bar the defendant from taking further proceedings as are warranted under the contract for plaintiff's infraction of the rules.

Costs to plaintiff.

All concurred.