DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
RECK

Docket No. 78-513. Submitted February 5, 1979, at Detroit.—Decided
May 22, 1979. Leave to appeal applied for.

Donald A. Reck was injured when a motorcycle which he was
operating in a race collided with a motorcycle operated by
Daniel Baranowski, whose policy of insurance excluded any
periods when the motorcycle is used in a race. Mr. Reck sued
Mr. Baranowski. Cavalier Insurance Company, Baranowski's
insurer, defended and denied coverage, whereupon Mr. Reck
sought uninsured motorist benefits under his policy with the
Detroit Automobile Inter-Insurance Exchange (DAIIE). DAIIE
denied coverage and Mr. Reck sought arbitration pursuant to
an insurance contract provision and obtained an award. DAIIE
moved to vacate the award and the Wayne Circuit Court,
Andrew DiMaggio, J., denied the motion. DAIIE appeals. *Held:*

1. The arbitrability of an issue in a contract is ascertained
through a three-stage inquiry: (1) is there an arbitration agree-
ment in a contract between the parties; (2) is the insured's
claim on its face or arguably related to the contract; and (3) is
the dispute expressly exempt by the terms of the contract.

2. The determination of whether the insured was injured by
an uninsured motorist is an issue arguably within the policy's
provision that matters upon which the parties don't agree shall
be settled by arbitration.

Affirmed.

1. ARBITRATION AND AWARD — PUBLIC POLICY — ARBITRABLE ISSUES
— LIBERAL CONSTRUCTION — ARBITRATION CLAUSE.

Public policy in Michigan favors arbitration in the resolution of
disputes; arbitration clauses contained in contracts are to be

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award §§ 7, 14.
[2] 5 Am Jur 2d, Arbitration and Award § 11 *et seq.*
    7 Am Jur 2d, Automobile Insurance § 138.
    Rights and liabilities under "uninsured motorists" coverage. 79
    ALR2d 1252.

liberally construed, resolving any doubts about the arbitrability of an issue in favor of arbitration.

2. ARBITRATION AND AWARD — CONTRACTS — ARBITRABLE ISSUES — THREE-STAGE INQUIRY.

The arbitrability of an issue in a contract is ascertained through a three-stage inquiry: (1) is there an arbitration agreement in a contract between the parties; (2) is the insured's claim on its face or arguably related to the contract; and (3) is the dispute expressly exempt by the terms of the contract.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Charles T. McCutcheon, Jr.),* for plaintiff.

*Lopatin, Miller, Bindes, Freedman & Bluestone,* for defendant.

Before: DANHOF, C.J., and BRONSON and BEASLEY, JJ.

BRONSON, J. Plaintiff insurer appeals an order denying its motion to vacate the arbitration award entered in favor of defendant insured.

Defendant, who was insured by plaintiff, was operating a motorcycle when he collided with another motorcyclist, Daniel Baranowski, who was insured by Cavalier Insurance Company. The accident between defendant and Baranowski occurred at the end of a race. The insurance policy between Cavalier and Baranowski provided that coverage was excluded "during such periods as the motorcycle is used in, or in preparation for any race, speed contest, hill climbing exhibition, or a contest of any nature".

Defendant sued Baranowski. Cavalier defended under a reservation of rights clause, and denied liability coverage for the accident on the basis of the racing exclusion. Upon notification of the denial of coverage, defendant filed a claim for uninsured motorist benefits under his policy with plain-

tiff. Plaintiff denied coverage and defendant sought arbitration pursuant to the arbitration clause in the insurance contract.[1] Plaintiff objected to the arbitration on the grounds that the arbitrators lacked authority to determine what coverage existed between Baranowski and Cavalier, and therefore the arbitrators could not make a determination on whether defendant was entitled to uninsured motorist benefits. The arbitrators overruled plaintiff's objections and entered an award in favor of defendant. Plaintiff moved to vacate the award in circuit court, the motion was denied and plaintiff now appeals by right.

The question of what issues are arbitrable under an insurance policy's uninsured motorist arbitration clause has not been answered uniformly by the courts in this country. See Anno: *What issues are arbitrable under arbitration provision of uninsured motorist insurance,* 29 ALR3d 328. The New York Court of Appeals, taking a narrow view of the scope of arbitration, held that such clauses afford arbitration on the issues of who was at fault for the accident and the amount of damages that the insured is entitled to recover, but do not subject to arbitration issues involving matters of insurance coverage, such as whether the other driver was an uninsured motorist. *In re Rosen-*

---

[1] DETERMINATION OF LEGAL LIABILITY AND AMOUNT OF DAMAGES. The determination as to whether the insured shall be legally entitled to recover damages and if so entitled the amount thereof, shall be made by agreement between the insured and the Exchange.

"In the event of disagreement and upon the written demand of either, the matter or matters upon which the insured and Exchange do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The insured and the Exchange each agrees to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage. Such an award shall be a condition precedent to any action against the Exchange by reason of the insurance afforded by this coverage."

*baum,* 11 NY2d 310; 229 NYS2d 375; 183 NE2d 667 (1962). This Court in *Western Casualty & Surety Co v Strange,* 3 Mich App 733; 143 NW2d 572 (1966), adopted the reasoning in the *Rosenbaum* case. Somewhat surprisingly, plaintiff insurer did not cite this case even though it supported its position and was on point. The possible explanation for this omission is that the rationale and rule announced in *Western* has been specifically rejected by this Court in subsequent decisions. See, *e.g., Detroit Automobile Inter-Insurance Exchange v Spafford,* 62 Mich App 365; 233 NW2d 283 (1975), *Maryland Casualty Co v McGee,* 32 Mich App 539; 189 NW2d 44 (1971).

The reason for this change in position has been the strong public policy in this state in favor of arbitration as a simple expeditious means of resolving disputes without necessitating resort to the court system. MCL 600.5001(2); MSA 27A.5001(2), *Maryland Casualty Co v McGee, supra, P R Post Corp v Maryland Casualty Co,* 68 Mich App 182, 186-187; 242 NW2d 62 (1976), *modified on other grounds* 403 Mich 543; 271 NW2d 521 (1978). The policy in favor of this expeditious alternative to the judicial system is thwarted if all disputed issues in an arbitration proceeding must be segregated into categories of "arbitrable sheep and judicially-triable goats". *McGee, supra,* 545.

> "[A]n interpretation of an arbitration agreement which would have the effect of chopping up a dispute between an insured and his insurer and requiring separate determinations of each portion thereof in different forums militates against the very benefits sought by arbitration and which benefits tend to make arbitration a reasonable remedy under the insurance code." *McGee, supra,* 546.

It is to prevent this dissection of claims that we liberally construe arbitration clauses resolving all doubts about the arbitrability of an issue in favor of arbitration. *Detroit Automobile Inter-Insurance Exchange v Kurak,* 81 Mich App 217; 265 NW2d 86 (1978), *Campbell v Community Service Ins Co,* 73 Mich App 416, 419; 251 NW2d 609 (1977).

This state has adopted a three-part test for ascertaining the arbitrability of a particular issue: 1) is there an arbitration agreement in a contract between the parties; 2) is the disputed issue on its face or arguably within the contract's arbitration clause; and 3) is the dispute expressly exempted from arbitration by the terms of the contract. See *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583; 227 NW2d 500 (1975), *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670; 264 NW2d 92 (1978).

There can be no question in the present case that there was an arbitration clause in the contract. Similarly, the determination of whether the insured was injured by an uninsured motorist is an issue arguably within the insurance contract's general declaration that "matter or matters upon which the insured and Exchange do not agree shall be settled by arbitration". Finally, plaintiff insurer made no attempt to exempt the matter from arbitration by excluding disagreements as to policy coverage from arbitration.

Since all three of the arbitrability requirements have been satisfied in the present case, the issue was arbitrable and the trial court was correct in denying plaintiff insurer's motion to vacate the award.

Affirmed.