LANSING SCHOOL DISTRICT v LANSING SCHOOLS EDUCATION
ASSOCIATION

Docket No. 75863. Submitted January 8, 1985, at Lansing.—Decided
March 11, 1985. Leave to appeal applied for.

The Lansing Schools Education Association filed a grievance
against the Lansing School District, alleging that the school
district was in violation of the collective bargaining agreement
between the parties by utilizing a staffing formula which re-
sulted in class sizes over the contractual maximum during the
1982-1983 school year. The arbitrator found no violation, but
ordered the school district to utilize a different staffing formula
for the 1983-1984 school year and retained jurisdiction for one
year. The school district filed a complaint in Ingham Circuit
Court seeking to vacate the arbitration award. The circuit
court, Michael G. Harrison, J., affirmed that portion of the
award finding no violation of the bargaining agreement, and
vacated that portion of the award requiring a different staffing
formula and retaining jurisdiction, on the basis that the arbi-
trator had exceeded his jurisdiction. The association appealed.
*Held:*

1. No language in the contract authorizes the filing of claims
based on alleged future violations, nor did the grievance itself
seek a resolution for a staffing problem for the upcoming school
year. Furthermore, the formula used by the district to deter-
mine the size of its workforce is not a proper subject for
arbitration under the terms of the collective bargaining agree-
ment. The arbitrator had no authority to consider and resolve
the issue not presented to him and outside the scope of the
agreement. By ordering the district to utilize a specific formula
the arbitrator improperly added to the contract.

2. The trial court did not exceed the limited scope of judicial
review afforded a labor arbitration dispute.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1851.
  Validity and construction of statutes or ordinances providing for
    arbitration of labor disputes involving public employees. 68
    ALR3d 885.
[2] 48A Am Jur 2d, Labor and Labor Relations § 1988.

1. ARBITRATION — REVIEW OF ARBITRATION — LABOR RELATIONS.

    Judicial review of a labor arbitration award is limited to whether the award draws its essence from the contract, and whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement.

2. ARBITRATION — LABOR RELATIONS — ISSUES NOT PRESENTED TO ARBITRATOR.

    An arbitrator, in resolving a labor grievance, has no authority to consider and resolve an issue not presented to him by the parties and outside the scope of the grievance and the labor agreement.

*Miller, Johnson, Snell & Cummiskey* (by *Peter A. Patterson* and *Craig A. Mutch),* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Thomas A. Baird),* for defendant.

Before: ALLEN, P.J., and J. H. GILLIS and W. J. GIOVAN,* JJ.

PER CURIAM. Plaintiff Lansing School District and defendant Lansing Schools Education Association are parties to a collective bargaining agreement covering the years 1981-1984. In July of 1982, the association filed a grievance alleging, *inter alia,* that the district had violated the layoff procedure of the parties' contract by laying off too many elementary teachers. This conduct was alleged to have resulted in a violation of the maximum limits on class size contained in Article VII of the contract. Following a hearing, the arbitrator determined that Article VII made the maximum class size a goal rather than placing an absolute limit on the maximum number of students per class. This conclusion was bolstered by the inclusion of specific contractual provisions dealing with the situation of classroom overloading. The dis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trict's use of a 28.85 divisor as a projection tool for determining the number of teachers to employ at the beginning of the school year was not, in and of itself, evidence that the district did not fulfill its obligations under Article VII. By order and opinion dated October 8, 1982, the arbitrator found no substantial evidence indicating that the district had violated the agreement. Therefore, the grievance was dismissed.

In October of 1982, the association filed a second grievance again alleging that the district had violated Article VII of the contract. This grievance included evidence, derived from the "fourth Friday count" for the 1982-1983 school year, which was not available at the time the first grievance was resolved. Evidence was presented showing that the percentage of classes which were over the contractual maximums had increased from the percentage for the prior 1981-1982 school year. The arbitrator found that this increase was not evidence of the district's bad faith. Nor did it illustrate a lack of effort on the district's part to fulfill the contractual obligation to "strive" to keep class size below maximum. The arbitrator again concluded that there was insufficient evidence to demonstrate that the district had violated Article VII by utilizing the 28.85 staffing formula. Thus, no violation was found for the 1982-1983 school year. However, the arbitrator stated that continued use of the 28.85 formula "would be difficult to justify" and "would be an indication of bad faith". He then ordered the district to utilize a staffing formula of 27.85 for elementary classes for the 1983-1984 school year. Jurisdiction was retained for a period of one year.

The district filed a complaint in Ingham County Circuit Court seeking to vacate the arbitral award on the ground that the arbitrator had exceeded his authority. The association filed a counterclaim

seeking enforcement of the award. Both parties filed motions for summary judgment, GCR 1963, 117.2(3). By written opinion and order dated December 22, 1983, that portion of the award finding no contractual violation was affirmed. The circuit court reversed and vacated that portion of the award requiring the use of a 27.85 staffing formula for the 1983-1984 school year and retaining jurisdiction.

On appeal, the association argues that the trial court exceeded the proper scope of review, reviewed the merits of the underlying grievance, and erroneously determined that the relief afforded by the arbitrator was inappropriate. We disagree.

It is clear that the scope of judicial review of an arbitral decision is limited. As set forth in *Ferndale Education Ass'n v School District for the City of Ferndale #1,* 67 Mich App 637, 642-643; 242 NW2d 478 (1976):

"Questions concerning the scope of judicial review of arbitrability and the awards made by arbitrators in labor disputes have been almost a plague on both state and federal courts for years, but the eminently proper attitude that we have taken is one of 'hands off'. The party that ends up holding the short end of an arbitrator's award may try desperately to fit the facts within the narrow doorway to the courts, but the judicial policy is clear. In the *Steelworkers* trilogy, the United States Supreme Court held that the merits of either the grievance or the arbitration award are *irrelevant* when a federal court is asked to enforce an arbitration agreement or award thereunder. Judicial review is limited to whether the award 'draws its essence' from the contract, whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant.

"This position of limited review has been adopted by the Michigan Supreme Court. *Frazier v Ford Motor Co,* 364 Mich 648; 112 NW2d 80 (1961), *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). This Court follows the same policy. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975)." (Footnote omitted.) (Emphasis in original.)

Based upon the available evidence, the arbitrator concluded that the district had taken good faith efforts to keep the elementary class sizes below maximum levels. The use of the 28.85 staffing formula was not sufficient to show a failure to strive to meet its obligations. Clearly, based upon the evidence presented for the 1982-1983 school year, the arbitrator found no contractual violation and dismissed that portion of the grievance. However, although finding no violation, the arbitrator fashioned a "remedy" for the next school year and ordered the implementation and utilization of a reduced staffing formula. This was error.

As noted by the circuit court, a distinction can be made between the substantive arbitrability of the question of the district's good-faith compliance with Article VII in the 1982-1983 year and the establishment of a set staffing formula for the 1983-1984 school year. The grievance procedure established by the parties provides that a grievance exists when there "has been" a violation or misinterpretation of the contract. No language in the contract authorizes the filing of prospective claims based upon alleged future violations. Moreover, nothing in the language of the grievance itself indicates that the association was seeking a resolution for a staffing or layoff problem for the upcoming school year. Inasmuch as the arbitrator's powers are derived from the parties' agree-

ment, he lacked the authority to consider and resolve an issue not presented to him and outside the scope of the grievance and the agreement. See, *Carr v Kalamazoo Vegetable Parchment Co,* 354 Mich 327; 92 NW2d 295 (1958); *Stowe v Mutual Home Builders Corp,* 252 Mich 492; 233 NW 391 (1930).

More importantly, we find, as did the circuit court, that the formula used by the district to determine the size of its workforce is not a proper subject for arbitration under the terms of the collective bargaining agreement. The arbitrator had no authority to add to the parties' contract and had no power, when determining if a contractual violation had occurred, over any of the reserved rights of the board. See, Article IV G. The contract establishes both class size maximums and procedures and remedies in the case of classroom overloading. No express article or section of the agreement mandates the use of a staffing factor or establishes a set formula. Therefore, by ordering the district to utilize a specific formula, the arbitrator added to the contract and usurped a reserved right of the board.

We find that the circuit court did not exceed the limited scope of judicial review afforded to a labor arbitration dispute. Mindful of the limited review, the trial judge did not delve into the merits of the underlying grievance or substitute his interpretation of the contract for that of the arbitrator. While the court did express an opinion on the meaning of the word "strive", that comment did not serve as a basis for reversal of the arbitral award. Instead, that aside follows the court's comments concerning the "anomalous situation" whereby the arbitrator found no contractual violation yet afforded a specific remedy. Once the arbitrator determined that no violation had occurred,

his contractual function ceased. See *Local 791, International Union of Electrical, Radio & Machine Workers, AFL-CIO v Magnavox Co*, 286 F2d 465 (CA 6, 1961).

In summary, we affirm the trial court's order reversing and vacating that portion of the arbitral award which ordered the district to utilize a specific staffing formula for the 1983-1984 school year and which retained jurisdiction. The arbitrator had the authority to determine the validity of the association's October 1982 grievance as it pertained to the district's possible violation of Article VII in the 1982-1983 school year. However, the arbitrator exceeded his authority by making a prospective determination as to whether the district would be in violation of the agreement for the 1983-1984 school year if it utilized the same 28.85 staffing factor. Inasmuch as the method by which the district determined its staffing needs and the determination of the size of the workforce are not arbitrable subjects under the collective bargaining agreement, the arbitrator was without authority to order the district to implement a specific staffing formula. We affirm that portion of the award finding no contractual violation on the part of the district for the 1982-1983 school year.

Affirmed.