TUTTLE v BLOOMFIELD HILLS SCHOOL DISTRICT

Docket No. 88842. Submitted June 3, 1986, at Lansing. Decided December 2, 1986. Leave to appeal denied, 428 Mich —.

Kenneth Tuttle brought an action in Oakland Circuit Court pursuant to the Michigan Whistleblowers' Protection Act, alleging that his employer, Bloomfield Hills School District, had disciplined him in retaliation for whistleblowing activities and seeking injunctive relief, actual damages and attorney fees. Defendant moved for summary disposition on the basis that plaintiff had failed to exhaust his contractual remedies before commencing his action under the Whistleblowers' Protection Act. The trial court, Steven N. Andrews, J., granted defendant's motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held:*

1. While it is the policy of this state to give effect to provisions in a collective bargaining agreement for resolution of disputes which arise under that collective bargaining agreement, the collective bargaining agreement at issue here does not expressly protect an employee against disciplinary actions taken in retaliation for whistleblowing activities. Accordingly, since plaintiff was not attempting to enforce a right he obtained under the collective bargaining agreement, he was not involved in a dispute governed by the collective bargaining agreement and is not bound to exhaust his contractual remedies before proceeding with his statutory remedies.

2. No opinion was expressed as to whether an employee is limited to the grievance mechanism provided in a collective bargaining agreement if that agreement expressly protects employees against disciplinary actions taken in retaliation for whistleblowing activities.

Reversed.

1. LABOR RELATIONS — DISPUTE RESOLUTION — PUBLIC POLICY.

It is the public policy of the State of Michigan to give effect to

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1787 *et seq.;* 1932 *et seq.*

Exhaustion of grievance procedures or of remedies provided in collective bargaining agreement as condition of employee's resort to civil courts for assertedly wrongful discharge. 72 ALR2d 1439.

dispute resolution procedures which have been collectively bargained for and which are to be used to resolve disputes arising under a collective bargaining agreement.

2. LABOR RELATIONS — WHISTLEBLOWERS — COLLECTIVE BARGAINING AGREEMENTS — EXHAUSTION OF REMEDIES.

An employee need not exhaust his dispute resolution procedures under a collective bargaining agreement before proceeding with a civil action under the Michigan Whistleblowers' Protection Act for disciplinary actions allegedly taken against the employee by the employer in retaliation for whistleblowing activities where the collective bargaining agreement does not expressly protect employees against disciplinary actions taken in retaliation for whistleblowing activities (MCL 15.361 *et seq.;* MSA 17.428[1] *et seq.).*

*Fieger & Fieger* (by *Errol Shifman),* for plaintiff.

*May, Gowing, Mosher & Simpson* (by *Richard U. Mosher* and *Carol L. VonDale),* for defendant.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

M. J. KELLY, P.J. In this case, we are presented with the first impression issue of whether a union employee must first use and exhaust the grievance remedies provided for under the collective bargaining agreement when contesting disciplinary actions taken by his employer in alleged retaliation for "whistleblowing activities." We hold that under the Michigan Whistleblowers' Protection Act, 1980 PA 469; MCL 15.361 *et seq.;* MSA 17.428(1) *et seq.,* plaintiff herein had the right to proceed directly with the civil action against his employer.

According to the allegations set forth in the complaint, plaintiff had been employed by the Bloomfield Hills School District since 1970. On February 23, 1985, plaintiff made statements to the president of the Bloomfield Hills Board of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Education regarding the possible illegal activities of certain school board employees. By a letter dated February 26, 1985, plaintiff was informed that he was being suspended for five days due to having made these statements, which defendant alleged were untrue. By letter dated April 8, 1985, plaintiff was threatened with discharge if he continued his misconduct.

Plaintiff filed this complaint in circuit court on April 19, 1985, under the Whistleblowers' Protection Act, seeking injunctive relief, actual damages and reasonable attorney fees. Defendant responded with a motion for summary disposition which the trial court granted without specifically referring to any particular subrule of MCR 2.116(C).[1]

In 1980, the Michigan Legislature enacted the Whistleblowers' Protection Act, MCL 15.361 *et seq.;* MSA 17.428(1) *et seq.,* which prohibits an employer from taking disciplinary action against an employee who reports suspected violations of the law to a public body, unless the employee knows the information reported is false. MCL 15.362; MSA 17.428(2). Where an employer violates this act, the employee may proceed against the employer in a civil action for injunctive relief and damages as well as reasonable attorney fees. MCL 15.363; MSA 17.428(3). The employer may also be subject to a civil fine of not more than $500, payable to the state treasurer. MCL 15.365; MSA 17.428(5).

Defendant's position, adopted by the trial court, is that plaintiff in this case is a member of a union which has negotiated a collective bargaining agree-

---

[1] We presume the trial court relied upon MCR 2.116(C)(8) and dismissed plaintiff's complaint for failure to state an actionable claim. It is clear from the oral opinion rendered after argument on defendant's motion that the trial court believed plaintiff was required to resort to the mechanism provided under his collective bargaining agreement.

ment containing mandatory and exclusive dispute resolution procedures and he is thus required to exhaust these contractual remedies before proceeding with a civil action under the Whistleblowers' Protection Act. According to defendant's appellate brief, plaintiff is a member of Local 1628 of Council 25 of AFSCME and is therefore bound by a collective bargaining agreement which provides:

> Any complaint by an employee concerning the application, meaning, interpretation or alleged violations of this Agreement, or concerning any disciplinary action, shall be processed as follows.

The contract goes on to provide for a four-step dispute resolution procedure with the final step being "final and binding" arbitration.[2]

Defendant correctly asserts that it is the public policy of this state to enforce collectively bargained for methods of resolving disputes which arise under a collective bargaining agreement. *Fulghum v United Parcel Service,* 424 Mich 89; 378 NW2d 472 (1985). Where binding arbitration is the final step of the dispute resolution mechanism, the courts of this state will review the arbitration decision only to determine whether the award draws its essence from the collective bargaining agreement and whether the award is within the authority conferred upon the arbitrator. *Lansing School Dist v Lansing Schools Ed Ass'n,* 142 Mich App 664, 667-668; 370 NW2d 11 (1985).

In this case, however, plaintiff does not seek to resolve a dispute that has arisen under the collec-

---

[2] According to the parties' briefs on appeal, plaintiff did file a grievance with his union at the same time that he filed this civil action. Apparently, the arbitrator eventually found that plaintiff was not entitled to protection under the Whistleblowers' Protection Act since his statements to the board president were not made in good faith.

tive bargaining agreement. Rather, plaintiff seeks to assert a statutory right that has been guaranteed to employees in this state. Defendant responds that the right to be protected from retaliation for whistleblowing activities is a right also protected under the terms of the collective bargaining agreement and that plaintiff is thus bound by the grievance procedures in resolving the instant dispute with his employer. We do not agree. It is within the authority of this Court to determine whether a particular conflict is, on its face, governed by the terms of the collective bargaining agreement and therefore subject to arbitration. *Monroe Co Sheriff v Fraternal Order of Police, Lodge 113,* 136 Mich App 709, 715; 357 NW2d 744 (1984). On the face of the collective bargaining agreement negotiated between defendant and plaintiff's union, we are not persuaded that the instant dispute is exclusively arbitrable.

In asserting that plaintiff has a contractual right to be protected from retaliation for whistleblowing activities, defendant relies wholly upon Article XXIV of the collective bargaining agreement, which provides:

> This Agreement is subject in all respect to the laws of the State of Michigan with respect to the powers, rights, duties and obligations of the Employer, the Union, and employees in the bargaining unit, and in the event that any provision of this Agreement shall at any time be held to be contrary to law by a court of competent jurisdiction from whose final judgment or decree no appeal has been taken within the time provided for doing so, such provision shall be void and inoperative; however, all other provisions of this Agreement shall continue in effect.

Defendant contends that Article XXIV effectively

incorporates into the contract any rights guaranteed employees under Michigan law and thus requires employees to submit to arbitration any dispute which may arise under a given statute.

We do not agree with defendant's interpretation of Article xxiv. We read the article as nothing more than a savings clause, providing that the terms of the collective bargaining agreement are not to be construed in a manner that conflicts with Michigan law. We do not read the savings clause as incorporating into the agreement any and all rights guaranteed to an employee under the Whistleblowers' Protection Act or, for that matter, under any other Michigan statute.[3] We thus conclude that plaintiff is not seeking to enforce a right he has obtained under the collective bargaining agreement in filing suit to prevent retaliatory actions on the part of his employer. Since plaintiff is not involved in a dispute that is governed by the collective bargaining agreement, he is not bound by the negotiated grievance procedures in challenging his suspension and in attempting to prevent termination.

Defendant also relies on § 6 of the Whistleblowers' Protection Act, MCL 15.366; MSA 17.428(6), which provides:

> This act shall not be construed to diminish or impair the rights of a person under any collective bargaining agreement.

Defendant argues that, by allowing plaintiff to proceed with an action in circuit court, we are diminishing rights guaranteed the employer under the collective bargaining agreement negotiated in

---

[3] For example, the Civil Rights Act, MCL 37.2101 et seq.; MSA 3.548(101) et seq., the Michigan Handicapper's Civil Rights Act, MCL 37.1101 et seq.; MSA 3.550(101) et seq., or the Michigan Occupational Safety and Health Act, MCL 408.1001 et seq.; MSA 17.50(1) et seq.

this case, contrary to the expressed legislative intent in enacting the Whistleblowers' Protection Act. However, as already pointed out, the employer has no right to arbitrate this dispute since this dispute is not one that arises under the terms of the collective bargaining agreement.

The trial court's order of summary disposition is reversed. In reversing this order, we express no opinion as to the merits of plaintiff's claim. Nor do we venture any opinion on whether an employee is limited to the grievance mechanism provided under a collective bargaining agreement if that bargaining agreement also expressly protects employees against disciplinary actions in retaliation for whistleblowing activities.

Reversed.