J. ISABEL MIRANDA, Plaintiff-Appellee, v. CORONET INSURANCE COMPANY, Defendant-Appellant (Helen Diggs, Defendant-Appellee).

First District (3rd Division)   No. 1—88—1253

Opinion filed August 23, 1989.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker, of counsel), for appellant.

Whitcup & Arce, of Chicago (George D. Levy, of counsel), for appellee J. Isabel Miranda.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, J. Isabel Miranda, filed a complaint in the circuit court to compel defendant, Coronet Insurance Company, to arbitrate a claim for uninsured motorist coverage under an automobile liability insurance policy issued to plaintiff. After defendant answered the com-

plaint, both parties moved for summary judgment. The trial court denied defendant's motion and granted plaintiff's motion. Defendant appeals.

Defendant issued an automobile liability insurance policy to plaintiff for the period from March 20 to September 20, 1986. As required by section 143a of the Illinois Insurance Code (Insurance Code) (Ill. Rev. Stat. 1985, ch. 73, par. 613 *et seq.*), the policy provided uninsured motorist coverage to the limits of liability for bodily injury or death mandated by section 7—203 of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 7—203). As further mandated by section 143a, the policy provided for arbitration of any disputes with respect to the uninsured motorist coverage. (Ill. Rev. Stat. 1985, ch. 73, par. 755a.) Plaintiff was involved in a collision with Helen Diggs on April 15, 1986. Plaintiff's complaint alleged that Diggs was an uninsured motorist. Plaintiff filed a demand for arbitration of his uninsured motorist claim under defendant's policy on December 24, 1986.

On February 27, 1987, the safety responsibility section of the Department of Transportation (hereinafter collectively DOT) informed plaintiff's counsel by letter that a motorist was not required to show evidence of liability insurance unless there was damage to another's property in excess of $250 or bodily injury to another person. The letter further stated that Diggs submitted no evidence of automobile liability insurance. Lastly, the letter stated that Diggs was not required to prove financial responsibility because plaintiff's accident report failed to show the cost of repairing his vehicle.

On March 5, 1987, plaintiff's counsel advised the DOT by letter that plaintiff had "medical specials" in the amount of $1,300 and requested that Diggs be required to prove financial responsibility. On April 27, 1987, defendant informed plaintiff of its refusal to arbitrate his uninsured motorist claim.

Finally, on May 27, 1987, the DOT informed plaintiff's counsel by letter that Diggs never filed a report or evidence of financial responsibility and that her name was therefore certified to the Secretary of State for a preliminary determination of probable liability. He was further informed that the Secretary took no action because the reports in the case file contained an inadequate description of the accident or conflicting information which prohibited establishing a *prima facie* case against Diggs.

Plaintiff filed his complaint to compel arbitration on September 29, 1987. In answering the complaint, defendant denied that Helen Diggs was an uninsured motorist. Defendant also pleaded the affirma-

tive defense that plaintiff had not, as required under defendant's policy, furnished a written finding from the DOT that any person legally responsible for plaintiff's injuries had failed to prove financial responsibility.

In moving for summary judgment, plaintiff chiefly relied on subparagraph 6 of section 143a. That subparagraph provides:

"Failure of the motorist from whom [an insured] is legally entitled to recover damages to file the appropriate forms with the Safety Responsibility Section of the Department of Transportation within 120 days of the accident date shall create a rebuttable presumption that such motorist was uninsured at the time of the injurious occurrence." Ill. Rev. Stat. 1985, ch. 73, par. 755a(6).

In view of section 143a(6), plaintiff asserted that defendant's requirement of a written finding from the DOT was not a bar to arbitration of his claim.

■ On appeal, defendant largely repeats its arguments in support of its cross-motion for summary judgment. First, defendant asserts that section 143a(6) refers to the forms that the Vehicle Code requires to be filed when an accident results in death, any physical injury or property damage over $250. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—406, 11—411.) As such, defendant reasons, the rebuttable presumption created by section 143a(6) of the Insurance Code does not arise unless the allegedly negligent driver has a duty to submit the forms required under the Vehicle Code. Defendant further asserts that, in amending section 143a to include subparagraph 6, the legislature incorrectly assumed that the Vehicle Code required the filing of an accident report for every vehicular accident. However, because only certain accidents must be reported to the DOT under the Vehicle Code, defendant reasons, section 143a(6) must be construed consistently with the Vehicle Code. That is, section 143a(6) should be construed to mean that a rebuttable presumption that a motorist is uninsured arises only when the Secretary of State determines that a *reportable* accident has occurred and the motorist has not filed the "appropriate forms" within 120 days.

Continuing its analysis, defendant asserts that, as the Secretary of State has the exclusive authority to determine whether a duty to report an accident exists, the rebuttable presumption of section 143a(6) cannot arise where a determination is made that an accident is not reportable. Defendant concludes that the presumption never arose in this case because, as the letter of May 27, 1987, from the DOT reflects, the Secretary of State determined that Diggs had no

duty to report because the information submitted by plaintiff was inadequate to give rise to that duty.

We cannot agree with defendant's analysis. Defendant initially ignores the first part of the DOT's letter of May 27, 1987. That part, informing plaintiff's counsel that Diggs' name had been certified to the Secretary of State, reveals determinations by the DOT that Diggs did have a duty to report the accident (Ill. Rev. Stat. 1985, ch. 95½, par. 11—406) and to meet the security requirements of the Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 7—201.2). Neither the correctness of those determinations nor the adequacy of the information upon which they were based is before us or can be challenged by defendant.

Moreover, the fact that the DOT made these determinations over a year after the accident and only after being advised of plaintiff's "medical specials" is immaterial. The Vehicle Code empowers the DOT to seek a missing report or information missing from a report from a person required to file a report. (Ill. Rev. Stat. 1985, ch. 95½, par. 7—201.1.) The Vehicle Code also empowers the DOT to require supplemental reports whenever it or the Secretary of State finds original reports insufficient. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—406(c).) The Vehicle Code thus envisions the supplementation of information contained in original accident reports. While section 7—201.1 also limits requests for missing reports or information to not later than 45 days after an accident, there is no prohibition against or time limit to the DOT accepting missing information voluntarily submitted by a party to an accident.

Even more fundamentally, defendant's analysis incorrectly equates the Secretary of State's ultimate decision not to proceed against Diggs to a determination that she had no duty to report the accident with plaintiff in the first place. Contrary to defendant's implication, the existence of a duty to report an accident is determined by the *DOT*, not the Secretary of State. In addition, the DOT makes that determination *before* it certifies any names of the parties to the accident to the Secretary of State as persons of whom security is required. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—406, 7—201.) After certification, *i.e.*, after the duty to report has been found to exist by the DOT, its the Secretary of State's duty to make a preliminary finding whether there is a reasonable possibility of a civil judgment against the person named in the certification. (Ill. Rev. Stat. 1985, ch. 95½, par. 7—205.) Upon a preliminary finding that there is no such possibility, the Secretary may choose to take no further action. Ill. Rev. Stat. 1985, ch. 95½, par. 7—205(b).

Obviously then, the May 27, 1987, letter informed plaintiff's counsel that, notwithstanding the DOT's determinations and certification, the Secretary of State decided to take no further action against Diggs because it found no reasonable possibility of a civil judgment against her due to the inadequacies and contradictions in the case file. The Secretary's decision had and could have had no effect on the DOT's *prior* determination, evidenced by its certification, that Diggs had a duty to report the accident.

Moreover, the Secretary's finding of no reasonable possibility of a civil judgment against Diggs had no effect on plaintiff's right to seek uninsured motorist coverage from his insurer for the personal injuries caused by Diggs. That determination was made only for the limited purpose of determining whether Diggs would be required to post security or, failing the posting of security, have her driving privileges, license or registration suspended. Ill. Rev. Stat. 1985, ch. 95½, par. 7—205(a).

Defendant also asserts that the May 27, 1987, letter did not give rise to the section 143a(6) presumption because, even assuming that Diggs had a duty to file an accident report, "[i]t" was less than 120 days from the date that duty arose, *i.e.*, March 5, 1987, when plaintiff's counsel informed the DOT that plaintiff sustained "medical specials" in the amount of $1,300 due to the accident with Diggs. This argument misapprehends the plain language of section 143a(6) that the rebuttable presumption provided for thereby arises from the failure of an at-fault driver to file an accident report within 120 days *from the date of the accident*. The presumption does not arise, as defendant would have the court believe, from the date the DOT receives information warranting determinations that a driver has a duty to file a report or to meet the security requirements of the Vehicle Code and a certification of the driver's name to the Secretary of State.

Nothing in the Vehicle Code prohibits the DOT from making those determinations more than 10 days after the date of an accident, although that is the length of time a motorist has for filing an accident report. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—406.) Rather, they are to be made "as soon as practicable" after the receipt of an accident report. (Ill. Rev. Stat. 1985, ch. 95½, par. 7—201.) In this case, it was obviously not practicable to make those determinations until after the receipt of the information from plaintiff's counsel that he had "medical specials" as a result of the accident with Diggs. Although it was made more than a year after the accident, the determination that Diggs should have filed an accident report, reflected in the May 27,

1987, letter, operated *nunc pro tunc* to the date of the accident. As such, the fact that Diggs had not filed an accident report within 120 days of the accident properly gave rise to the rebuttable presumption of section 143a(6).

■ Defendant next contends that the trial court erred in finding as a matter of law that Diggs was an uninsured motorist because plaintiff failed to present any evidence that she was uninsured. This contention is bottomed on the argument that the section 143a(6) presumption did not arise in this case. However, as defendant's underlying argument is incorrect, plaintiff's failure to adduce any evidence that Diggs was uninsured was immaterial to his right to summary judgment. Defendant does not contend on appeal that it presented evidence to rebut the section 143a(6) presumption upon which plaintiff was entitled to rely. Thus, the trial court properly entered summary judgment for plaintiff as a matter of law.

For all of the foregoing reasons, we affirm the grant of plaintiff's motion for summary judgment and the denial of defendant's cross-motion for summary judgment.

Affirmed.

WHITE and CERDA, JJ., concur.