BANKERS MULTIPLE LINE INSURANCE COMPANY, Plaintiff-Appellee,
v. MARJORIE McGUIRE *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—91—0635

Opinion filed April 13, 1992.

Hayman & Kirshenbaum, of Chicago (Cynthia J. Hennings, of counsel), for appellants.

Johnson & Bell, Ltd., of Chicago (Michael B. Gunzburg and Thomas H. Fegan, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Following arbitration proceedings, plaintiff, Bankers Multiple Line Insurance Company (Bankers), was required to compensate defendants, Marjorie McGuire and Eleanor Powell, for injuries and property damage sustained in an automobile accident. Thereafter, Bankers, pursuant to a declaratory judgment action filed in the chancery division of the circuit court, successfully sought to have the award nullified.

We affirm the judgment of the circuit court.

Defendant McGuire was insured under an automobile insurance policy issued by Bankers, which provided for uninsured motorist coverage under certain specified circumstances. Relevant here, the policy excluded coverage for accidents involving hit-and-run vehicles where the identity of either the owner or the operator could be determined.

The car in which defendants were occupants was struck from behind by another vehicle on June 27, 1984. The vehicle's driver refused to give defendants any information or accompany them to the nearest police station. As the driver drove away from the scene, defendant Powell noted the vehicle's license plate number. Later, it was determined that Raymond Bracey was the owner of the vehicle. An inquiry to the Secretary of State's office revealed, erroneously, that Bracey was uninsured. On June 28, 1985, defendants filed a demand for arbitration, seeking recovery of benefits under the uninsured motorist and hit-and-run provisions of McGuire's policy.

In 1986, defendants filed a negligence action against Bracey. During discovery, the parties learned that Bracey and his vehicle were insured by Allstate Insurance Company. In a deposition taken on January 31, 1989, Bracey stated that, on the date of the accident, he had given permission to J.T. Cunningham to operate the vehicle. In light of this information, Bankers requested that the arbitration claim be dismissed. McGuire and Powell agreed to suspend the arbitration proceedings. However, they later requested that the arbitration be reinstated because they had failed to sue Cunningham within the applicable limitations period.

Bankers objected to the arbitration on the basis that the American Arbitration Association (American) had no authority to arbitrate the claim because the vehicle did not fall within the scope of the coverage of the uninsured motorist provision of the policy. Although the arbitrator questioned his authority to adjudicate the claim, he awarded $5,200 to McGuire and $12,000 to Powell.

During the chancery proceedings, Bankers filed a motion for summary judgment. Bankers argued that Bracey's deposition revealed that Cunningham had driven the car on the date in question, with Bracey's permission. In support of the motion, Bankers also filed the affidavit of Betty Lawrence, an Allstate claim representative. In that affidavit, Lawrence stated that on the date of the accident, Bracey was the named insured of an Allstate automobile insurance policy and was insured for up to $30,000 against any liability for personal injuries and property damage arising out of the accident alleged in defendants' civil complaint. Also attached to the motion for summary judgment were two letters from Bankers to defendants' attorneys and to American which informed them as to Bracey's insured status. The letter to defendants' attorney was dated January 8, 1988, and the letter to American was dated February 9, 1988.

The circuit court granted Bankers' motion for summary judgment, finding that defendants' claims fell outside the coverage provisions of McGuire's policy.

Defendants initially maintain that Bankers is estopped from challenging the arbitration award because Bankers waited too long to notify them of Bracey's insured status.

■■ ■ Estoppel may be found to bar rights otherwise accruing where the party's voluntary conduct has been such as to have caused another party, against whom those rights are sought to be asserted, to have relied upon such conduct and to have altered his position for the worse. (*Vasilakis v. Safeway Insurance Co.* (1977), 46 Ill. App. 3d 369, 361 N.E.2d 1.) "Strong proof" is not required to establish a waiver of a policy defense, but only such facts as would make it unjust, inequitable or unconscionable to allow the defense to be interposed. *Kenilworth Insurance Co. v. McDougal* (1974), 20 Ill. App. 3d 615, 620, 313 N.E.2d 673.

■ In the present case, Bankers did nothing to cause defendants to believe that they were entitled to uninsured motorist coverage under the policy in question. Defendants knew, within days of the accident, the identity of the owner of the vehicle, but they did not commence legal action against him until two years later. When the lawsuit was filed against Bracey, defendants learned that he was covered by an Allstate Insurance policy by virtue of the fact that Allstate retained counsel to defend Bracey. Even after learning that Bracey's vehicle was covered by Allstate, defendants waited an additional 4½ years before taking Bracey's deposition. Only then did they discover the identity of the car's driver, who also was insured under Bracey's policy. Therefore, we cannot agree with defendants' contention that Bankers' delay in notifying them of Bracey's insured status provides a basis to assert estoppel.

■■ Defendants next argue that Bankers did not conduct its own investigation into the question of Bracey's insurance status, which resulted in detriment to the defendants. The record, however, belies these claims. We note that Bankers initially relied on information regarding Bracey's status that was received by defendants from State officials. Upon learning that Bracey was insured in 1988, Bankers promptly advised both American and defendants' attorneys that it no longer considered their claims to fall under the uninsured motorist provision of McGuire's insurance policy. Accordingly, defendants' argument is groundless.

Defendants further argue that the arbitrator had authority to adjudicate their claims, and that as a result, the ensuing awards are enforceable.

Here, the insurance policy at issue provided

> "[p]rotection [a]gainst UNINSURED MOTORIST COVERAGE. The company will pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so, the amount thereof, shall be made by agreement between the insured or such representative or the company, or if they fail to agree, by arbitration."

In the same section, it defined the terms "uninsured motorist" and "insured" and further provided under a subsection entitled "arbitration":

> "If any person making claim under the Uninsured Motorists Coverage and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing thereunder, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph."

■ In interpreting provisions virtually identical to those at issue here, our supreme court has held that such an agreement to arbitrate is limited to issues of the liability of the uninsured motorist to the insured and not to issues relating to the coverage of the policy. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) Accordingly, the circuit court here correctly ruled that the arbitrator could not decide issues of coverage.

■ Defendants also contend that coverage existed but that they were entitled to a rebuttable presumption of noninsurance, relying on

*Miranda v. Coronet Insurance Co.* (1989), 187 Ill. App. 3d 886, 543 N.E.2d 882. Defendants cite subparagraph 6 of section 143a of the Insurance Code, which provides that the

> "[f]ailure of the motorist from whom [an insured] is legally entitled to recover damages to file the appropriate forms with the Safety Responsibility Section of the Department of Transportation within 120 days of the accident date shall create a rebuttable presumption that such motorist was uninsured at the time of the injurious occurrence." (Ill. Rev. Stat. 1987, ch. 73, par. 755a(6).)

In *Miranda*, the court ruled that the insurance company failed to present any evidence to rebut the statutory presumption of the driver's uninsured status. Here, Bankers presented ample evidence which established that Bracey and his vehicle were insured. The circuit court's finding on this matter is not erroneous.

■ Defendants' final contention is that they are entitled to uninsured motorist protection under the policy at issue here. Defendants appear to argue that the accident fell under the hit-and-run coverage of McGuire's insurance policy.

McGuire's insurance policy sets forth the definition of the term "hit and run vehicle," in pertinent part, as follows:

> "a highway vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such vehicle."

Bracey's car clearly does not fall under this definition since it was ascertained that Bracey was the owner of the vehicle. In light of the policy's definition and the facts present here, defendants' contentions regarding the hit-and-run coverage are meritless.

The judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.